## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GARDEN FRESH RESTAURANT INTERMEDIATE HOLDING, LLC, *et al.*,[1] | Case No. 16-12174 (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER, PURSUANT TO SECTIONS 105(a), 363(b), 507(a)(8), AND 541 OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE DEBTORS TO PAY PREPETITION SALES AND USE TAXES AND (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND ELECTRONIC TRANSFER REQUESTS RELATED TO THE FOREGOING**

Garden Fresh Restaurant Intermediate Holding, LLC and its above-captioned affiliated debtors and debtors in possession (each, a "Debtor" and, collectively, the "Debtors") hereby submit this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a), 363(b), 507(a)(8), and 541 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), (i) authorizing, but not directing, the Debtors, in their sole discretion, to remit and pay prepetition sales, use, and similar taxes (collectively, the "Taxes") to various federal, state, county, and city taxing authorities (each, an "Authority" and, collectively, the "Authorities"), and (ii) authorizing the Debtors' banks and financial institutions (collectively, the "Banks") to receive, process, honor, and pay all checks and electronic payment requests relating to the foregoing. The facts and circumstances supporting this Motion are set forth in the concurrently filed *Declaration of John D. Morberg in*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Garden Fresh Restaurant Intermediate Holding, LLC (7513); Garden Fresh Holdings, Inc. (8804); GF Holdings, Inc. (8783); Garden Fresh Restaurant Corp. (8786); and Garden Fresh Promotions, LLC (1376). The location of the Debtors' corporate headquarters is 15822 Bernardo Center Drive, Suite A, San Diego, California 92127.

*Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "
First Day
Declaration").[2]  In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and
1334, and the *Amended Standing Order of Reference* from the United States District Court for
the District of Delaware, dated as of February 29, 2012.  This is a core proceeding pursuant to 28
U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United
States Constitution.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The
statutory and legal predicates for the relief requested herein are sections 105(a), 363(b),
507(a)(8), and 541 of the Bankruptcy Code and Rules 6003 and 6004 of the Federal Rules of
Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

### I.      General

2.      On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for
relief under chapter 11 of the Bankruptcy Code.  Concurrently with this Motion, the Debtors
have also filed certain other motions and applications seeking certain "first day" relief.

3.      The Debtors have continued in possession of their properties and have continued
to operate and maintain their business as debtors in possession pursuant to sections 1107(a) and
1108 of the Bankruptcy Code.

4.      No request has been made for the appointment of a trustee or examiner, and no
official committee has been established in these chapter 11 cases.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First
Day Declaration.

5.      Additional information about the Debtors' business and the events leading up to the Petition Date can be found in the First Day Declaration, which is incorporated herein by reference.

## II.      The Sales and Use Taxes

6.      In the ordinary course of business, the Debtors incur or collect and remit an assortment of sales, use, and other similar taxes in connection with the operation of their restaurants.  In many states where the Debtors operate, they are required to collect sales taxes from their customers on a per-sale basis and then remit sales taxes to the applicable Authority. Additionally, the Debtors may incur and collect use taxes when they purchase taxable products for which no sales tax was charged by their vendors.  The sales and use taxes collected or incurred are typically remitted to the Authorities in the month or quarter following the month or quarter in which the related transactions occurred.  In general, sales taxes accrue on a per transaction basis and are calculated based upon a statutory percentage of the sale price.  The Debtors paid approximately $23.8 million in sales taxes in 2015 and approximately $13.1 million in sales tax for the first six months of 2016.  The Debtors believe that there are approximately $1.75 million of sales and use taxes that have accrued as of the Petition Date.  The Taxes consist entirely of current tax obligations and are not in respect of catch-up payments.

## RELIEF REQUESTED

7.      By this motion, the Debtors seek authority to pay all Taxes in the ordinary course of business that were owed to the Authorities prepetition, but were not in fact paid or processed prepetition, or that were paid prepetition in an amount less than is actually owed, or that were

01:19249737.6

rejected, lost, or otherwise not received in full by any Authority.[3]  Furthermore, to the extent that

any checks, drafts, deposits, or transfers issued or initiated by the Debtors on account of

prepetition Taxes have not cleared as of the Petition Date, the Debtors also seek an order

authorizing the Banks to honor and process such payments.

## **BASIS FOR RELIEF**

### I.    **Request to Pay Prepetition Sales and Use Taxes in the Ordinary Course**

8.      The Court should permit the Debtors, in their sole discretion, to pay outstanding

Taxes.  Numerous grounds justify granting the relief requested herein.  *First*, the Taxes are likely

entitled to priority status under section 507(a)(8) of the Bankruptcy Code and, therefore, must be

paid in full under any chapter 11 plan.  *See* 11 U.S.C. § 1129(a)(9)(c).  Thus, the Debtors submit

that the payment of the Taxes as requested by this Motion will likely affect only the timing of the

payments, and not the amounts that would ultimately be received by the Authorities.  Further,

paying the Taxes will give the Authorities no more than that to which they otherwise are entitled

under a chapter 11 plan, and will save the Debtors the potential interest expense (and penalties)

that might otherwise accrue if the relief requested herein is not granted.

9.      *Second*, the Debtors' failure to pay the Taxes could have a material adverse

impact on their ability to operate in the ordinary course of business and thus harm the Debtors'

chapter 11 efforts, to the detriment of all constituents.  For example, the Authorities could initiate

audits of the Debtors if the Taxes are not paid on time, which would unnecessarily divert the

Debtors' attention away from the chapter 11 process and result in unnecessary expenses.

Moreover, if the Debtors do not pay such amounts in a timely manner, the Authorities may

attempt to suspend the Debtors' operations, file liens, seek to lift the automatic stay, seek

---

[3]  The Debtors believe that no prepetition amounts that are the subject of this Motion are delinquent, except where payment was timely remitted but was not honored as of the Petition Date.

payment from the Debtors' directors and officers, or pursue other remedies that could materially harm the Debtors' estates and their efforts in connection with these chapter 11 cases.

10.    *Third*, the Taxes are likely "trust fund" taxes that the Debtors are required to collect from third parties and hold in trust for the benefit of such Authorities.  To the extent that the Debtors hold these sales, use, and other taxes on behalf of the Authorities, the Taxes do not constitute property of the Debtors' estates.  *See Begier v. IRS*, 496 U.S. 53, 57–60 (1990) (holding that any prepetition payment of trust fund taxes is not an avoidable preference because such funds are not property of the debtor's estate).  As a consequence, the Debtors would not have an equitable interest in the Taxes, and assuming they could be identified and traced, those amounts would not constitute property of the Debtors' estates and would not be subject to the automatic stay.  *See City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 95 (3d Cir. 1994). Accordingly, because the Debtors have no equitable interest in trust fund taxes, payment of any such Taxes does not prejudice the rights of any of the Debtors' other creditors.  *See* 11 U.S.C. § 541(d).  The Debtors should therefore be able to pay the Taxes as they become due and payable.

11.    *Fourth*, sections 105(a) and 363(b) of the Bankruptcy Code authorize the requested relief.  Section 105(a) of the Bankruptcy Code allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).  Similarly, section 363(b)(1) of the Bankruptcy Code authorizes a debtor to use property of the estate other than in the ordinary course of business after notice and a hearing.  11 U.S.C. § 363(b)(1).

12.    The well-settled "necessity of payment" doctrine also supports the requested relief.  This rule authorizes postpetition payment of prepetition obligations where necessary to

preserve or enhance the value of a debtor's estate for the benefit of all creditors.  *See, e.g.,*

*Miltenberger v. Logansport, Crawfordsville & Sw. Ry. Co.*, 106 U.S. 286, 311 (1882)

(articulating a legal theory later termed the "doctrine of necessity" or the "'necessity of payment'

doctrine" and holding that payment of a pre-receivership claim prior to reorganization was

permitted to prevent stoppage of crucial business relations); *In re Lehigh & New England Ry.*

*Co.*, 657 F.2d 570 (3d Cir. 1981) (adopting the "necessity of payment" doctrine for the Third

Circuit); *In re Bos. & Me. Corp.*, 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing the existence

of a judicial power to authorize trustees to pay claims for goods and services that are

indispensably necessary to the debtors' continued operation); *S. Ry. Co. v. Flournoy (In re Atl. &*

*Danville Ry. Co.)*, 301 F.2d 847, 852 (4th Cir. 1962) ("The principle of necessity of payment has

since been carried into different factual surroundings as the basis for granting superiority to

business-operating accounts."); *In re Just For Feet, Inc.*, 242 B.R. 821, 824 (D. Del. 1999)

(granting approval to pay prepetition claims of certain trade vendors which were critical to the

debtors' reorganization); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191–92 (Bankr. D. Del.

1994) (noting that debtors may pay prepetition claims that are essential to continued operation of

business).

13.    Debtors frequently invoke the necessity of payment doctrine early in a chapter 11

case when preservation of the estates is most critical.  Bankruptcy courts routinely invoke their

equitable powers to authorize a debtor to pay certain critical prepetition claims under section

105(a) of the Bankruptcy Code if "authorizing the payment of the prepetition debt creates 'the

greatest likelihood of . . . payment of creditors in full or at least proportionately.'"  *In re*

*Structurelite Plastics Corp.*, 86 B.R. 922, 932 (Bankr. S.D. Ohio 1988); *see also In re Sharon*

*Steel Corp.*, 159 B.R. 730, 737 (Bankr. W.D. Pa. 1993) (stating that to justify payment of a

prepetition claim "the Debtor is required to show that the payment is necessary to avert a serious threat to the Chapter 11 process"); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989) (stating that the "necessity of payment" rule "recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued operation of the debtor").

14.     *Fifth*, some states hold corporate officers personally liable for unpaid sales and use taxes in certain circumstances.  *See, e.g.*, John F. Olsen, Director & Officer Liability: Indemnification and Insurance § 3:21 (2003) (stating "some states hold corporate officers personally liable for any sales tax and penalty owed and not paid by the corporation regardless of cause").  To the extent that any such "trust fund" taxes remain unpaid by the Debtors, their officers could be subject to lawsuits or criminal prosecution during the pendency of these chapter 11 cases.  Even the possibility of any such lawsuit or criminal prosecution would most certainly distract the Debtors and their officers from their efforts in these chapter 11 cases.

15.     Finally, in numerous chapter 11 cases in this district, courts have exercised their equitable powers under section 105(a) of the Bankruptcy Code to authorize debtors to pay prepetition tax obligations in light of the foregoing considerations.  *See, e.g., In re Halcón Res. Corp.*, Case No. 16-11724 (BLS) (Bankr. D. Del. Aug. 19, 2016).  The Debtors submit that the circumstances of these chapter 11 cases warrant granting similar relief, and that doing so is in the best interests of the Debtors, their estates, and creditors, and therefore should be granted.

## II.     Request for Authority for Banks to Honor and Pay Checks in Connection Herewith

16.     In addition, by this Motion, the Debtors request that the Banks be authorized, when requested by the Debtors, to receive, process, honor, and pay any and all checks presented for payment of, and to honor all fund transfer requests made by the Debtors related to the prepetition

obligations described herein, whether such checks were presented or fund transfer requests were submitted before or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments. The Debtors represent that these checks are drawn on identifiable disbursement accounts and can be readily identified as relating directly to the authorized payment of obligations described herein. Accordingly, the Debtors believe that checks other than those relating to authorized payments will not be honored inadvertently.

17.    For the foregoing reasons, the Debtors believe that granting the relief requested herein is appropriate and in the best interests of their estates and creditors.

### III.    Request for a Waiver of Bankruptcy Rule 6003(b)

18.    The Debtors seek immediate authorization for the relief requested in this Motion. Pursuant to Bankruptcy Rule 6003(b), the Court cannot grant "a motion to use, sell, lease or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" within 21 days of the filing of the petition unless the relief is "necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003(b). For the reasons set forth above, the Debtors submit that the requirements of Bankruptcy Rule 6003(b) are met and that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

### IV.    Request for a Waiver of Bankruptcy Rule 6004(h)

19.    In addition, by this motion, the Debtors seek a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr.

P. 6004(h).  For the reasons set forth above, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h).

**V.**    **Reservation of Rights**

20.    Nothing in this Motion or the proposed order attached hereto (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to the validity, priority, or amount of any claim against the Debtors or their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against an Authority; or (iv) shall be construed as a promise to pay a claim.

**NOTICE**

21.    Notice of this Motion has been provided to:  (i) the Office of the United States Trustee for the District of Delaware; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the Debtors' thirty (30) largest unsecured creditors; (v) the Prepetition Secured Parties; and (vi) the lenders under the proposed debtor in possession financing facility.  Notice of this Motion and any order entered hereon will be served in accordance with Rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

01:19249737.6

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the order substantially in the form annexed hereto as Exhibit A, granting the relief requested herein and such further relief as may be just and proper under the circumstances.

Dated: October 3, 2016  
      Wilmington, Delaware

**MORGAN, LEWIS & BOCKIUS LLP**  
Neil E. Herman (*pro hac vice* pending)  
James O. Moore (*pro hac vice* pending)  
101 Park Avenue  
New York, New York 10178  
Telephone: (212) 309-6000

- and –

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Kenneth J. Enos*  
Michael R. Nestor (No. 3526)  
Kenneth J. Enos (No. 4544)  
Ian J. Bambrick (No. 5455)  
1000 N. King Street  
Wilmington, Delaware 19801  
Telephone:  (302) 571-6600

*Proposed Counsel to the Debtors and Debtors in Possession*

## **EXHIBIT A**

## **Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GARDEN FRESH RESTAURANT INTERMEDIATE HOLDING, LLC, *et al.*,[1] | Case No. 16-12174 (___) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. _____** |

## ORDER, PURSUANT TO SECTIONS 105(a), 363(b), 507(a)(8), AND 541 OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE DEBTORS TO PAY PREPETITION SALES AND USE TAXES AND (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND ELECTRONIC TRANSFER REQUESTS RELATED TO THE FOREGOING

Upon consideration of the motion (the "Motion")[2] of Garden Fresh Restaurant Intermediate Holding, LLC and its above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors") for the entry of an order, pursuant to sections 105(a), 363(b), 507(a)(8), and 541 of the Bankruptcy Code, (i) authorizing, but not directing, the Debtors, in their sole discretion, to pay the Taxes and (ii) authorizing the Banks, when requested by the Debtors in their sole discretion, to receive, process, honor, and pay any and all checks and electronic fund transfers related to the Taxes; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* dated February

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Garden Fresh Restaurant Intermediate Holding, LLC (7513); Garden Fresh Holdings, Inc. (8804); GF Holdings, Inc. (8783); Garden Fresh Restaurant Corp. (8786); and Garden Fresh Promotions, LLC (1376). The location of the Debtors' corporate headquarters is 15822 Bernardo Center Drive, Suite A, San Diego, California 92127.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

29, 2012, from the United States District Court for the District of Delaware; and it appearing that

this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this

proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due

deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized, but not directed, in their discretion, to pay, in the

ordinary course of their businesses, all prepetition Taxes to the Authorities up to an aggregate

amount of $1.75 million.

3.      Nothing in this Order shall be construed as authorizing the Debtors to pay any

amounts on account of past-due taxes.

4.      The Banks are authorized to receive, process, honor, and pay all checks presented

for payment of, and to honor all funds transfer requests made by the Debtors related to, the claims

paid pursuant to this Order, regardless of whether such checks were presented or funds transfer

requests were submitted prior to or after the Petition Date, provided that funds are available in the

Debtors' accounts to cover such checks and funds transfers.  The Banks are authorized to rely on

the Debtors' designation of any particular check or funds transfer as approved by this Order.

5.      Nothing in this Order (i) is intended or shall be deemed to constitute an

assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as

to the validity of any claim against the Debtors or their estates; (ii) shall impair, prejudice, waive,

or otherwise affect the rights of the Debtors or their estates with respect to the validity, priority,

or amount of any claim against the Debtors or their estates; (iii) shall impair, prejudice, waive, or

otherwise affect the rights of the Debtors or their estates with respect to any and all claims or

causes of action against an Authority; or (iv) shall be construed as a promise to pay a claim.

6.      The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

7.      The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

8.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

9.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2016
            Wilmington, Delaware            _____

                                            United States Bankruptcy Judge

01:19249737.6