IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GARDEN FRESH RESTAURANT | ) | Case No. 16-12174 (CSS) |
| INTERMEDIATE HOLDING, LLC, et al.,[1] | ) | (Joint Administration Pending) |
| | ) | |
| Debtors. | ) | **Re: D.I. 14** |

### LIMITED OBJECTION OF PRODUCE ALLIANCE, LLC TO DEBTORS' EMERGENCY MOTION FOR ORDER (I) AUTHORIZING THE ASSUMPTION OF THE LIQUIDATION AGREEMENT; (II) AUTHORIZING SALE IN ACCORDANCE WITH THE LIQUIDATION AGREEMENT, WITH SUCH SALE TO BE FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES; AND (III) GRANTING RELATED RELIEF

COMES NOW Produce Alliance, LLC ("Produce Alliance"), by and through undersigned counsel, and hereby file their Limited Objection to *Debtors' Emergency Motion for Order (I) Authorizing the Assumption of the Liquidation Agreement; (II) Authorizing Sale in Accordance with the Liquidation Agreement, with Such Sale to be Free and Clear of all Liens, Claims, and Encumbrances; and (III) Granting Related Relief* [Docket No. 14] filed by the above-captioned Debtors (the "Liquidation Objection"). In support of its Limited Objection, Produce Alliance specifically incorporates by reference its *Objection to Debtors' Motion for Entry of Interim and Final Orders, Pursuant to Sections §§105(a), 363, 503(b)(9), 507(a)(2), 541, 1107(a) and 1108 of the Bankruptcy Code, (I) Authorizing the Payment of Prepetition Claims Arising Under (A) the Perishable Agricultural Commodities Act, (B) the Packers and Stockyards Act, and (C) Section 503(b)(9) of the Bankruptcy Code and (II) Authorizing Banks to Honor and Process Checks and Electronic Transfer Requests Related to the Foregoing* [Docket 34], and submits as follows:

---

[1] The Debtors in these cases, Garden Fresh Restaurant Intermediate Holding, LLC, Garden Fresh Holdings, Inc., GF Holdings, Inc. Garden Fresh Restaurant Corp., and Garden Fresh Promotions, LLC are all related entities operating restaurants known as Souplantation and Sweet Tomatoes. *See* Declaration of John D. Morberg in Support of Debtors' Petitions and First-Day Motions [Doc. 16].

1

**BACKGROUND**

1. On October 3, 2016, Debtors, Garden Fresh Restaurant Intermediate Holding, LLC, Garden Fresh Holdings, Inc., GF Holdings, Inc. Garden Fresh Restaurant Corp., and Garden Fresh Promotions, LLC, filed a voluntary petition under Chapter 11 of the Bankruptcy Code in this Bankruptcy Court.

2. Debtors are continuing in possession of their business and property as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. Prior to the Petition Date, Produce Alliance supplied Debtors with perishable agricultural commodities ("produce") having an aggregate principal value of $796,512.42, all of which remains unpaid and is past due.

4. Produce Alliance is a licensee under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c) ("PACA"), and preserved its rights as a beneficiary of the statutory trust created under the PACA by placing the language on their invoices to Debtors as allowed by 7 U.S.C. §499e(c)(4).

5. Although they are separately incorporated, all of the Debtors maintain their operating accounts with Wells Fargo, which fund all of the Debtors' operations. *See* Declaration of John D. Morberg in Support of Debtors' Petitions and First-Day Motions [Doc. 16], p. 19.

6. Debtors also have admitted that they have intercompany claims and transactions among each other, including cash sweeps and intercompany loans. *See* Declaration of John D. Morberg in Support of Debtors' Petitions and First-Day Motions [Doc. 16], pp. 19-20. Accordingly, a commingling of Debtors' cash assets has occurred, with all such assets subject to the PACA trust.

# I. ARGUMENT

7. Debtors propose to conduct a liquidation sale of certain unidentified equipment, with the net proceeds from the sale to be paid to the Debtors in an amount not to exceed $300,000.00, and the remainder of proceeds being used to pay down Debtors' TLA Obligations to its Pre-Petition secured lenders. Liquidation Motion at 11, para. 25. No schedule or valuation of the equipment has been provided by Debtors.

8. Produce Alliance objects to any portion of the sales proceeds from the proposed liquidation sale of Debtors' equipment to be used to pay down Debtors' TLA Obligations to its secured lenders as proposed. The equipment at issue is all presumed to be subject to the PACA trust and non-estate assets until the Debtors or secured lenders prove otherwise.

9. The rights of PACA trust beneficiaries to assets impressed with the PACA trust are superior to the rights of debtors, their secured creditors, and their bankruptcy professionals. 7 U.S.C. § 499e(c)(1); *Consumers Produce Co. v. Volante Wholesale Produce*, 16 F.3d 1374, 1379 (3d Cir. 1994); *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 413 (5th Cir. 2003); *Nickey Gregory Co., LLC v. Agricap, LLC,* 597 F.3d 591, 594 (4th Cir. 2010)*; A&J Produce Corp. v. Bronx Overall Economic Development Corp.*, 542 F.3d 54 (2d Cir. 2008); *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997); *C.H. Robinson Co. v. Trust Co. Bank, N.A.*, 952 F.2d 1311, 1316 (11th Cir. 1992); *In re W.L. Bradley Company, Inc.*, 75 B.R. 505, 514 (Bankr. E.D. Penn. 1987). In fact, PACA trust assets are not considered part of the bankruptcy estate. *In re Kornblum & Co., Inc.*, 81 F.3d 280, 284 (2d Cir. 1996); 11 U.S.C. § 541(d).

10. The PACA trust provision provides that unpaid produce sellers "are placed first in line among creditors for all produce-related assets if the produce dealer declares bankruptcy." *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir. 1990); *see also In re Kornblum & Co.*, 81 F.3d at

284; *Sanzone-Palmisano Company v. M. Seaman Enterprises, Inc.*, 986 F.2d 1010 (6th Cir. 1993). "It is clear from the terms of the PACA amendments and from the supporting legislative history that Congress intended to create a *priority* status for unpaid produce claimants, priming even the administrative claims which normally stand first in line in a bankruptcy distribution." *In re Fresh Approach, Inc.*, 51 B.R. 412, 420 (Bankr. N.D. Tex. 1985) (emphasis in original). "Allowing a defunct PACA trustee to pay other creditors with PACA funds before the seller is paid in full would frustrate [the purpose of PACA], and would be contrary to the language of PACA and its accompanying regulations." *C.H. Robinson Company v. Alanco Corp.*, 239 F.3d 483, 488 (2d Cir. 2001).

11. The purpose of the statutory PACA trust is to assure payment to produce suppliers from the proceeds of their produce. Congress explained in the statute itself that the main roadblock to this goal was the diversion of produce proceeds to secured lenders. The statute's first clause states that secured financing arrangements in which produce proceeds are used as security and diverted from the suppliers to lenders are against the public interest and a burden on commerce and that the purpose of this law is to remedy this burden on commerce. 7 U.S.C. § 499e(c)(1).

12. Congress also specifically directed that the failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful. 7 U.S.C. § 499b(4). Agricultural merchants, dealers and brokers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities" and any act or omission inconsistent with this responsibility, including dissipation of trust assets, is proscribed. 7 C.F.R. § 46.46(e)(1). Dissipation of trust assets is defined as "any act or failure to act which could result in the diversion of trust assets or which could prejudice or impair the ability of unpaid [sellers] to recover money owed in connection with produce transactions." 7 C.F.R. § 46.46(a)(2).

13. Subsection 2 of §499e(c), defines the corpus of the trust as all produce including all <u>inventories of food or other products</u> derived from produce, and all receivables or <u>proceeds from the sale of produce or its products</u>. 7 U.S.C. §499e(c)(2) (emphases added). The trust also extends to all inventory of produce a buyer obtained with a commingled account, *Sanzone-Palmisano Company*, 986 F.2d 1010, and to any other assets acquired or maintained with PACA trust funds. *In re Kornblum*, 81 F.3d 280; *In re Atlantic Tropical Market Corp.*, 118 B.R. 139 (Bankr. S.D. Fla. 1990). <u>All assets of a produce buyer are presumed to be impressed with the PACA trust</u>. *Sanzone-Palmisano Company*, 986 F.2d 1010 (emphasis supplied).

14. The party challenging the trust has the burden of proving either: (1) no PACA trust existed when the disputed assets were acquired; (2) even though a PACA trust existed at that time, the assets were not acquired with trust assets; or (3) although a PACA trust existed when the assets were acquired, and the assets were acquired with trust assets, all unpaid sellers of produce were paid in full prior to the transactions involving the unpaid PACA trust creditors herein. *In re Kornblum & Co., Inc.*, 81 F.3d 280, 287.

15. The Regulations provide that "[i]f a buyer or receiver declares bankruptcy. . . , trust assets are not to be considered part of the estate to be distributed to other Creditors or sold unless all trust beneficiaries have been paid." 49 Fed. Reg. at 45738. There is no question that PACA trust assets are not property of the bankrupt's estate and must be set aside for distribution to trust beneficiaries. *In re Long John Silver's Restaurants, Inc.*, 230 B.R. 29, 32 (Bankr. D. Del. 1999); *In re Kelly Food Products, Inc.*, 204 B.R. 18 (Bankr. C.D. Ill. 1997); *Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F. Supp. 346, 348 (S.D.N.Y. 1993); *In re Southland & Keystone*, 132 B.R. 632 (9th Cir. BAP 1991); *In re Asinelli, Inc.*, 93 B.R. 433 (M.D.N.C. 1988); *In re Carolina Produce Distributors, Inc.*, 110 B.R. 207 (W.D.N.C. 1990); *In re Fresh Approach, Inc.*, 48 B.R.

926 (Bankr. 1985); *In re Milton Poulos, Inc.*, 94 B.R. 648 (Bankr. C.D.Cal. 1988); see also 11 U.S.C. § 541(d) (property in which debtor holds legal title, but not an equitable interest, does not become part of the estate).

### III.     RELIEF REQUESTED

16.    Neither Debtors nor their secured lenders have established that the equipment subject to the liquidation sale is free of the PACA trust.  In addition, Debtors admit they owe $1,430,000.00 in pre-petition PACA trust debt and they have failed to set aside funds to pay the trust debt or otherwise given any adequate protection to Produce Alliance and similarly situated PACA trust creditors.  Accordingly, while Produce Alliance does not object to the proposed sale of equipment occurring, the net proceeds must be escrowed pending further order of the Court, and not paid to Debtors' secured lenders or bankruptcy professionals.

### IV.     RESERVATION OF RIGHTS

17.     Produce Alliance reserves the right to assert additional objections to the relief requested in the Liquidation Motion at the hearing on this matter.

### V.     CONCLUSION

18.    For the foregoing reasons, Produce Alliance respectfully requests that the Debtors be required to escrow all net proceeds from the proposed liquidation sale of equipment, pending further order of the Court.

 October 4, 2016
 Wilmington, Delaware                              **SULLIVAN · HAZELTINE · ALLINSON LLC**

                                                                    */s/ E.E. Allinson III*
                                                                    Elihu E. Allinson III (No. 3476)
                                                                    901 North Market Street, Suite 1300
                                                                    Wilmington, DE  19801
                                                                    Tel: (302) 428-8191
                                                                    Fax: (302) 428-8195

and

Mary Jean Fassett, Esq. *(Pro Hac Vice Pending)*
**McCarron & Diess**
4530 Wisconsin Avenue, N.W., Suite 301
Washington, DC 20016
Tel: (202) 364-0400
Fax: (202) 364-2731

*Attorneys for Produce Alliance, LLC*