IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GARDEN FRESH RESTAURANT<br>INTERMEDIATE HOLDING, LLC, *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 16-12174 (CSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 8** |

## INTERIM ORDER (A) AUTHORIZING THE DEBTORS TO PAY AND HONOR CERTAIN PREPETITION WAGES, BENEFITS AND OTHER COMPENSATION OBLIGATIONS AND (B) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of an order (a) authorizing the Debtors to pay and honor certain prepetition wages, benefits, and other compensation obligations, and (b) authorizing financial institutions to honor and process checks and transfers related to such obligations, as described more fully in the Motion; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* dated February 29, 2012, from the United States District Court for the District of Delaware; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Garden Fresh Restaurant Intermediate Holding, LLC (7513); Garden Fresh Holdings, Inc. (8804); GF Holdings, Inc. (8783); Garden Fresh Restaurant Corp. (8786); and Garden Fresh Promotions, LLC (1376). The location of the Debtors' corporate headquarters is 15822 Bernardo Center Drive, Suite A, San Diego, California 92127.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

01:19351060.2

28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on an interim basis to the extent set forth herein.

2. Pursuant to sections 105(a), 363, and 507(a) of the Bankruptcy Code, except as otherwise set forth in this Order, the Debtors are authorized, but not directed, in their discretion, to pay, honor, or otherwise satisfy, in accordance with the Debtors' policies and in the ordinary course of business, all amounts and obligations on account of the prepetition Employee Obligations and Employee Programs specified in the chart below, and all costs, expenses, fees, and other amounts related thereto, including, without limitation, any amounts that have accrued but remained unpaid as of the Petition Date, capped at the amounts set forth below as to prepetition obligations, and the Debtors are authorized, on an interim basis, to provide payment for obligations that become due prior to the final hearing on the Motion for (i) the Complimentary Meal Program, and (ii) Severance Pay to non-insiders and payments due to non-insiders under the Non-Insider Incentive Programs, in each case in accordance with the Debtors' regular bi-weekly payroll cycle; provided, however, that no individual Employee receives payments and/or benefits on account of prepetition Employee Obligations that exceed, in the aggregate, the amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code. For the purpose of this Interim Order, the term "non-insider" excludes any person holding the title of Vice President or any other officer title.

| Employee Wages | |
|---|---|
| Uncashed Paychecks | $2,300,000 |
| Unpaid Wages | $1,900,000 |
| Temporary Employees | $21,500 |
| Crew Member Incentive Program | $15,000 |

01:19351060.2

| | |
|---|---|
| Restaurant Management Incentive Program | $150,000 |
| Central Kitchen Management Incentive Program | $57,000 |
| Workers' Compensation Incentive Program | $17,000 |
| Ops Incentive Program | $82,000 |
| Catering Incentive Program | $5,000 |
| Formal and Informal Awards | $25,000 |
| Workers' Compensation Program | $1,790,000 |
| Health plan | $510,000 |
| Life Insurance, Disability Plans and EAP | $24,000 |
| 401(k) Plan | $2,500 |
| Payroll Deductions (including Shoes for Crews) | $500,000 |
| Employer Taxes and Fees | $145,000 |
| Reimbursable Business Expenses and Auto Allowance | $43,000 |
| Mileages Advances | $32,000 |
| Complimentary Meals Program | $33,000 |
| Miscellaneous Benefits | $25,000 |
| Total | $7,677,000 |

3. The Debtors are authorized, but not directed, in their discretion, to continue operating the American Express Program and to honor their prepetition and postpetition obligations related thereto; <u>provided that</u> such prepetition amounts shall not exceed $50,000.

4. A hearing on final authorization to permit the Debtors to pay non-insider Severance Pay and continue the Non-Insider Incentive Programs and Complimentary Meal

01:19351060.2

Program in accordance with their prepetition practices shall be held on *10/28/16* at *10 a.m.* Parties shall have until *10/21/16* at 4:00 P.M. (ET) to file and serve objections ("Objection") to the Motion with respect to final approval of the non-insider Severance Pay and the Non-Insider Incentive Programs and Complimentary Meal Program. If no Objections are timely filed in accordance with this paragraph, the Court may grant such relief without a hearing. Objections must be served on the following parties: (i) Garden Fresh Restaurant Intermediate Holding, LLC, 15822 Bernardo Center Drive, Suite A, San Diego, California 92127; (ii) proposed co-counsel to the Debtors, Morgan Lewis & Bockius LLP, 101 Park Avenue, New York, New York 10178 (Attn: Neil E. Herman, Esq. and James O. Moore, , Esq.), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801 (Attn.: Kenneth J. Enos, Esq.); (iii) counsel to the TLA Lenders and the TLA Agent, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, CA 90067 (Attn: Michael L. Tuchin, Esq. and David M. Guess, Esq.), and Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, DE 19801 (Attn: Mark D. Collins, Esq.); (v) counsel to the TLB Lenders, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038 (Attn: Jayme T. Goldstein, Esq. and Daniel P. Ginsberg, Esq.) and Pachulski, Stang, Ziehl & Jones LLP, 919 North Market Street, Wilmington, DE 19801 (Attn: Laura Davis Jones, Esq.) (vi) any statutory committee appointed in these chapter 11 cases; and (vii) the U.S. Trustee, 855 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Juliet Sarkessian, Esq.).

5. The Debtors and any other third parties administering withholding obligations on behalf of the Debtors, are authorized, but not directed, to make payments to applicable third parties with respect to the Payroll Deductions and Employer Taxes and Fees, as set forth in the

Motion, and the costs associated therewith, in accordance with the Debtors' ordinary course of business and stated policies, as set forth in the Motion.

6. Except as otherwise set forth herein, the Debtors are authorized, but not directed, on a postpetition basis to maintain and continue to honor the Employees Programs described in the Motion as they were in effect as of the Petition Date, and as such may be modified, amended, or supplemented from time to time in the ordinary course of business.

7. The Banks shall be, and hereby are, authorized, when requested by the Debtors in their discretion, to receive, process, honor, and pay any and all checks or electronic fund transfers drawn on the Debtors' bank accounts on account of the prepetition Employee Obligations and the Employee Benefits, whether those checks were presented prior to or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments.

8. The Debtors are authorized to issue postpetition checks or to affect postpetition fund transfer requests in replacement of any checks or fund transfer requests related to the Employee Obligations dishonored or rejected as a consequence of the commencement of these chapter 11 cases.

9. Authorization to pay all amounts on account of Employee Obligations shall not affect the Debtors' right to contest the amount or validity of any Employee Obligations, including without limitation, the Payroll Deductions that may be due to any taxing authority.

10. Nothing contained in this Order or the Motion shall constitute a rejection or assumption by the Debtors of any executory contract or unexpired lease by virtue of reference to any such contract or lease in the Motion.

11. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

12. Absent further order of the Court, the Debtors shall not (a) pay any amounts that are subject to section 503(c) of the Bankruptcy Code, or (b) cash out Accrued Vacation Obligations or leave time upon termination of an employee, unless applicable state law requires such payment.

13. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

15. The requirement of Bankruptcy Rule 6004(a) is waived.

16. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
_____10/4_____, 2016

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

01:19351060.2