# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GARDEN FRESH RESTAURANT INTERMEDIATE HOLDING, LLC, *et al.*,[1] | Case No. 16-12714 (CSS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 4 |

### INTERIM ORDER, PURSUANT TO SECTIONS 105(a) AND 366 OF THE BANKRUPTCY CODE (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES; (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PAYMENT; (III) ESTABLISHING PROCEDURES FOR DETERMINING ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT; AND (IV) SETTING A FINAL HEARING RELATED THERETO

Upon consideration of the motion (the "Motion")[2] of Garden Fresh Restaurant Intermediate Holding, LLC and its above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors") for the entry of an interim order, pursuant to sections 105(a) and 366(b) of the Bankruptcy Code, (i) prohibiting the Utility Companies from altering, refusing, or discontinuing Utility Services on account of unpaid pre-petition invoices; (ii) deeming the Debtors' Utility Companies adequately assured of future payment; (iii) establishing Assurance Procedures for determining additional adequate assurance of future payment and authorizing the Debtors to provide additional adequate assurance of future payment to the Utility Companies; and (iv) setting a final hearing related thereto; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Garden Fresh Restaurant Intermediate Holding, LLC (7513); Garden Fresh Holdings, Inc. (8804); GF Holdings, Inc. (8783); Garden Fresh Restaurant Corp. (8786); and Garden Fresh Promotions, LLC (1376). The location of the Debtors' corporate headquarters is 15822 Bernardo Center Drive, Suite A, San Diego, California 92127.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

01:19354766.2

Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* dated February 29, 2012, from the United States District Court for the District of Delaware; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. Subject to the Assurance Procedures set forth below, no Utility Company may (a) alter, refuse, terminate, or discontinue Utility Services to, or discriminate against, the Debtors on the basis of the commencement of these chapter 11 cases or on account of outstanding pre-petition invoices or (b) require additional assurance of payment, other than the Utility Deposit, as a condition to the Debtors receiving such Utility Services.

3. The Debtors shall deposit, as adequate assurance for the Utility Companies including the Secured Utilities, $600,000 in the aggregate (the "<u>Utility Deposit</u>") into a segregated account (the "<u>Utility Deposit Account</u>") within twenty (20) days of the Petition Date to be maintained during the pendency of these cases. The Utility Deposit Account may be either interest-bearing or non-interest-bearing in the Debtors' discretion. Annexed as <u>Schedule I</u> to this Interim Order is a list of the Utility Companies, and the amount of deposit set aside for each, which constitute approximately 50% of the Debtors' average monthly utility consumption over the course of 12 months for each Utility Company (the "<u>Schedule of Deposits</u>").

4. Subject to the Assurance Procedures set forth below, the Utility Deposit constitutes adequate assurance of future payment to the Utility Companies under section 366 of

\* For the avoidance of doubt, all liens granted under the Interim DIP Order shall be junior to the rights of the Utility Companies to the Utility Deposit.

01:19354766.2

the Bankruptcy Code (the "Adequate Assurance"). Notwithstanding anything to the contrary in the Motion, the Debtors may not consider any prepetition deposit held by a Utility Company when determining the amount of postpetition deposit to be made on behalf of such Utility Company.

    5.    The following Assurance Procedures are approved in all respects:

    (a)    Any Utility Company desiring assurance of future payment for utility service beyond the Adequate Assurance must serve a request (an "Additional Assurance Request") so that it is received by the Debtors at the following addresses: (i) Garden Fresh Restaurant Intermediate Holding, LLC, 15822 Bernardo Center Drive, Suite A, San Diego, California 92127 (Attn: Michael Dorsey); (ii) proposed co-counsel to the Debtors, Morgan Lewis & Bockius LLP, 101 Park Avenue, New York, New York 10178 (Attn: Elaine V. Fenna, Esq.), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Travis G. Buchanan, Esq.); and (iii) counsel to the TLA Lenders and the TLA Agent, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, CA 90067 (Attn: Michael L. Tuchin, Esq. and David M. Guess, Esq.), and Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, DE 19801 (Attn: Mark D. Collins, Esq.).

    (b)    Any Additional Assurance Request must: (i) be made in writing; (ii) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (iii) set forth the location(s) for which Utility Services are provided and the relevant account number(s); (iv) describe any deposits, prepayments, or other security currently held by the requesting Utility Company; and (v) explain why the requesting Utility Company believes the Adequate Assurance is not sufficient adequate assurance of future payment.

    (c)    Upon the Debtors' receipt of an Additional Assurance Request at the addresses set forth above, the Debtors shall have thirty (30) days from the date of receipt of such request (collectively, the "Resolution Period") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Debtors and the applicable Utility Company also may agree to extend the Resolution Period.

    (d)    The Debtors, in their discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in their discretion, provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the

Utility Company, including, but not limited to, cash deposits, prepayments, and/or other forms of security, if the Debtors believe such additional assurance is reasonable. Without the need for any notice to, or action, order, or approval of, the Court, the Debtors may reduce the amount of the Utility Deposit by any amount allocated to a particular Utility Company to the extent consistent with any alternative adequate assurance arrangements mutually agreed to by the Debtors and the affected Utility Company.

(e) If the Debtors determine that an Additional Assurance Request is not reasonable or are not able to resolve such request during the Resolution Period, the Debtors, during or promptly after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "Determination Hearing"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

(f) Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to the Debtors on account of unpaid charges for pre-petition services, the commencement of these chapter 11 cases, or any objections to the Adequate Assurance, or requiring the Debtors to furnish any additional deposit or other security for the continued provision of services.

(g) The Adequate Assurance shall be deemed adequate assurance of payment for any Utility Company that fails to make an Additional Assurance Request.

6. The Debtors are authorized, as necessary, to provide a copy of this Order, and any final order approving the relief requested in the Motion (any such order, the "Final Order"), to any Utility Company not listed on the Utility Service List (an "Additional Utility Company") as such Utility Companies are identified. Promptly upon providing a copy of this Order and the Final Order to an Additional Utility Company, the Debtors shall increase the Utility Deposit by an amount equal to approximately 50% of the Debtors' average monthly utility consumption over the course of 12 months for such Additional Utility Company subsequent to the Petition Date. The Additional Utility Companies shall be subject to all terms of this Order and the Final Order, including the Assurance Procedures.

01:19354766.2

7. Each Utility Company shall be deemed to have adequate assurance of payment under section 366 of the Bankruptcy Code unless and until: (a) the Debtors, in their discretion, agree to an alternative assurance of payment with the Utility Company or (b) this Court enters an order, after a Determination Hearing, requiring that additional adequate assurance of payment be provided to the Utility Company.

8. Pending entry of the Final Order, Utility Companies are prohibited from altering, refusing, or discontinuing Utility Services on the basis of (i) the commencement of the Debtors' chapter 11 cases, (ii) any unpaid invoice for Utility Services provided before the Petition Date, or (iii) any objections to the Debtors' proposed adequate assurance, and from requiring the Debtors to furnish any additional deposit or other security to the Utility Companies for the continued provision of Utility Services, except by following the Additional Adequate Assurance Request procedures set forth in this Order.

9. Nothing in this Order shall preclude the Debtors from seeking a return of some or all of the existing deposits held by the respective Secured Utilities, subject to any rights the Secured Utilities may have under section 366 of the Bankruptcy Code.

10. If any utility account with a Utility Company becomes a Closed Account during the course of these chapter 11 cases, without the need for further order of this Court, the Debtors shall be authorized to decrease the amount of the Utility Deposit by withdrawing from the Utility Deposit Account the amount deposited with respect to such Closed Account; provided that the Debtors give at least two weeks advance notice to the affected Utility Company, and has not received any objection from such Utility Company. If an objection is received, the Debtor shall request a hearing before this Court at the next omnibus hearing date, or such other date that the Debtor and the Utility Company may agree. The Debtors shall not deduct from the Utility

Deposit Account the amount set aside for any Utility Company unless and until the two week notice period has passed and the Debtors have not received any objection from the affected Utility Company, or until any such objection has been resolved consensually or by order of the Court. Upon the effective date of a chapter 11 plan in these cases, the Debtors may close the Utility Deposit Account without the need for any notice to, or action, order, or approval of, this Court.

11. The Debtors are authorized, but not directed, to satisfy any prepetition amounts outstanding to Ecova in the ordinary course of business; provided that such amounts may not exceed $5,000.

12. The Debtors shall serve the Motion and this Interim Order, together with the proposed final order, on all Utility Companies no later than three business days after entry of this Order. A final hearing on the relief sought in the Motion shall be conducted on _October 28_, 2016, at _10:00 a_.m. (ET). Any objections to the Motion and to entry of the Final Order must be filed by _October 21_, 2016, at 4:00 p.m. (ET) (the "Objection Deadline") and served so that it is received by the following parties on or before the Objection Deadline: (i) Garden Fresh Restaurant Intermediate Holding, LLC, 15822 Bernardo Center Drive, Suite A, San Diego, California 92127; (ii) proposed co-counsel to the Debtors, Morgan Lewis & Bockius LLP, 101 Park Avenue, New York, New York 10178 (Attn: Elaine V. Fenna, Esq.), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Travis G. Buchanan, Esq.); (iii) counsel to the TLA Lenders and the TLA Agent, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, CA 90067 (Attn: Michael L. Tuchin, Esq. and David M. Guess, Esq.), and Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, DE 19801 (Attn: Mark D.

01:19354766.2

Collins, Esq.); and (iv) counsel to the TLB Lenders, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038 (Attn: Jayme T. Goldstein, Esq. and Daniel P. Ginsberg, Esq.) and Pachulski, Stang, Ziehl & Jones LLP, 919 North Market Street, Wilmington, DE 19801 (Attn: Laura Davis Jones, Esq.). If no objections are timely filed, this Court may enter the Final Order without further notice or a hearing.

13. Nothing in this Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to the validity, priority, or amount of any claim against the Debtors or their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against a Utility Company; or (d) shall be construed as a promise to pay a claim.

14. Nothing in this Order is intended or shall be deemed to constitute a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Service List or is served with a copy of this Order or the Motion.

15. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

16. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

17. All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

18. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: __October 4__, 2016
Wilmington, Delaware

_____
Christopher S. Sontchi
United States Bankruptcy Judge

01:19354766.2