IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GARDEN FRESH RESTAURANT<br>INTERMEDIATE HOLDING, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-12174 (CSS)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 6 |

**INTERIM ORDER, PURSUANT TO SECTIONS 105(a), 363(b) AND 364 OF
THE BANKRUPTCY CODE, (I) AUTHORIZING (A) PAYMENT OF
PREPETITION OBLIGATIONS INCURRED IN THE ORDINARY COURSE
OF BUSINESS IN CONNECTION WITH INSURANCE PROGRAMS, INCLUDING
PAYMENT OF POLICY PREMIUMS AND BROKER FEES, AND (B) CONTINUATION
OF INSURANCE PREMIUM FINANCING PROGRAMS AND (II) AUTHORIZING
BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC
TRANSFER REQUESTS RELATED THERETO**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an interim order, pursuant to sections 105(a), 363(b) and 364 of the Bankruptcy Code, (i) authorizing, but not directing, the Debtors to (a) continue and, to the extent necessary, renew the Insurance Programs and pay policy premiums and broker fees arising thereunder or in connection therewith, including prepetition obligations arising in the ordinary course of business, and (b) continue the Financed Programs and renew or enter into new premium financing programs, as necessary, under substantially similar terms and (ii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and upon consideration of the Motion and all pleadings

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, are: Garden Fresh Restaurant Intermediate Holding, LLC (7513); Garden Fresh Holdings, Inc. (8804); GF Holdings, Inc. (8783); Garden Fresh Restaurant Corp. (8786); and Garden Fresh Promotions, LLC (1376). The location of the Debtors' corporate headquarters is 15822 Bernardo Center Drive, Suite A, San Diego, California 92127.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* dated February 29, 2012, from the United States District Court for the District of Delaware; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to maintain the Insurance Programs without interruption, and to renew, supplement, modify, or enter into new insurance policies, and to incur and pay broker fees in connection therewith, in accordance with the same practices and procedures as were in effect prior to the Petition Date, with the restrictions set forth herein.

3. The Debtors are authorized, but not directed, in their discretion, to pay, honor, or otherwise satisfy premiums, claims, deductibles, retrospective adjustments, administrative fees, broker fees (including, without limitation, the Broker Fees), and any other obligations that were due and payable or related to the period prior to the Petition Date on account of the Insurance Programs (including the Financed Programs) and the PFAs, except that, during the interim period, the Debtors shall make only those insurance premium payments that are due prior to the final hearing on the Motion, which amount shall be capped at $130,000.

4. The Debtors are authorized to (a) continue, in the ordinary course of business, the Financed Programs and the PFAs and, subject to a final order, except with respect to any PFA that will expire prior to the end of October, renew or enter into new premium financing

programs, as necessary, under substantially similar terms, and (b) pay their installment payments under the Financed Programs and the PFAs and any such new premium financing programs as the same become due in the ordinary course of business.

5. Notwithstanding anything to the contrary in any PFA, in the event the Debtors default under the terms of a PFA, the PFA Lender shall not cancel any insurance policy of the Debtors without first providing notice of such default in writing by overnight mail to the Debtors and their bankruptcy counsel, and at least ten (10) business days to cure. If the Debtors fail to cure the default within that time, then PFA Lender may, in accordance with the terms of the PFA, and without further order of this Court, exercise any and all of its rights under the PFA.

6. ~~Notwithstanding anything to the contrary in any of the PFAs, the Debtors' filing of these bankruptcy cases shall not constitute a default under any of the PFAs.~~

7. The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Order.

8. A final hearing on the relief sought in the Motion shall be conducted on _October 25_, 2016, at _10:00_ .m. (ET). Any objections to the Motion and to entry of the Final Order must be filed by _October 21_, 2016, at 4:00 p.m. (ET) (the

"Objection Deadline") and served so that it is received by the following parties on or before the Objection Deadline: (i) Garden Fresh Restaurant Intermediate Holding, LLC, 15822 Bernardo Center Drive, Suite A, San Diego, California 92127; (ii) proposed co-counsel to the Debtors, Morgan Lewis & Bockius LLP, 101 Park Avenue, New York, New York 10178 (Attn: Elaine V. Fenna, Esq.), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Travis G. Buchanan, Esq.); (iii) counsel to the TLA Lenders and the TLA Agent, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, CA 90067 (Attn: Michael L. Tuchin, Esq. and David M. Guess, Esq.), and Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, DE 19801 (Attn: Mark D. Collins, Esq.); and (iv) counsel to the TLB Lenders, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038 (Attn: Jayme T. Goldstein, Esq. and Daniel P. Ginsberg, Esq.) and Pachulski, Stang, Ziehl & Jones LLP, 919 North Market Street, Wilmington, DE 19801 (Attn: Laura Davis Jones, Esq.). If no objections are timely filed, this Court may enter the Final Order without further notice or a hearing.

9. Nothing in this Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action against an Insurance Carrier; or (d) shall be construed as a promise to pay a claim.

10. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

11. The requirements of Bankruptcy Rule 6003(b) are satisfied.

12. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October 4, 2016
Wilmington, Delaware

Christopher S. Sontchi
United States Bankruptcy Judge

01:19354147.2