IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GARDEN FRESH RESTAURANT<br>INTERMEDIATE HOLDING, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-12174 (CSS)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 10 |

**INTERIM ORDER, PURSUANT TO SECTIONS 105(a), 363, 503(b)(9), 507(a)(2), 541, 1107(a), AND 1108 OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE PAYMENT OF PREPETITION CLAIMS ARISING UNDER (A) THE PERISHABLE AGRICULTURAL COMMODITIES ACT, (B) THE PACKERS AND STOCKYARDS ACT, AND (C) SECTION 503(b)(9) OF THE BANKRUPTCY CODE AND (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND ELECTRONIC TRANSFER REQUESTS RELATED TO THE FOREGOING**

Upon consideration of the motion (the "Motion")[2] of Garden Fresh Restaurant Intermediate Holding, LLC and its above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors") for the entry of an interim order, pursuant to sections 105(a), 363, 503(b)(9), 507(a)(2), 541, 1107(a), and 1108 of the Bankruptcy Code, (i) authorizing, but not directing, the Debtors, in their sole discretion, to pay (a) PACA Claims, (b) PASA Claims, and (c) Section 503(b)(9) Claims in the ordinary course of business as such claims come due and (ii) authorizing the Banks to receive, process, honor, and pay checks presented for payment and electronic payment requests relating to the foregoing; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Garden Fresh Restaurant Intermediate Holding, LLC (7513); Garden Fresh Holdings, Inc. (8804); GF Holdings, Inc. (8783); Garden Fresh Restaurant Corp. (8786); and Garden Fresh Promotions, LLC (1376). The location of the Debtors' corporate headquarters is 15822 Bernardo Center Drive, Suite A, San Diego, California 92127.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

01:19216320.10

the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* dated February 29, 2012, from the United States District Court for the District of Delaware; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED, on an interim basis, as set forth herein.

2. Prior to entry of the final order on the Motion, the Debtors are authorized, in their sole discretion, to pay or otherwise satisfy all valid PACA Claims in the ordinary course of business in an aggregate amount not to exceed $1,300,000.

3. The Debtors are authorized, in their sole discretion, to pay or otherwise satisfy all valid PASA Claims in the ordinary course of business in an aggregate amount not to exceed $50,000.

4. Any PACA/PASA Vendor who accepts payment from the Debtors in satisfaction of its valid PACA/PASA Claim will be deemed to have waived any and all PACA/PASA claims of whatever type, kind, or priority against the Debtors, their property, their estates, and any PACA/PASA Trust Assets, but only to the extent that payment has been received by such PACA/PASA Vendor on account of its PACA/PASA Claim.

5. Nothing in this Order impairs the rights of holders of PACA or PASA Claims to enforce their rights under PACA or PASA consistent with applicable law, including, but not limited to, section 362 of the Bankruptcy Code, or to seek redress from the Court with respect to their rights under PACA or PASA.

6. That portion of the Motion seeking authority to pay claims arising under section 503(b)(9) of the Bankruptcy Code shall be addressed at the final hearing on this Motion. The Debtors shall not pay or otherwise satisfy any Section 503(b)(9) Claims prior to entry of a final order on the Motion or another order of the Court which authorizes such payment.

7. In the event that any Vendor that has received payment for its Claim refuses to continue to provide goods and services, as applicable, on an uninterrupted basis to the Debtors in accordance with (i) the terms and provisions of this Order, (ii) Historical Trade Terms, or (iii) such other terms agreed upon by the Debtors and such Vendor, without further order of this Court and in their sole discretion, the Debtors shall be authorized to deem the payments made to any such Vendor to have been in payment of any then outstanding postpetition claims of such Vendor. If this situation arises, the previously paid prepetition Claims of the Vendor shall be reinstated as prepetition Claims. To the extent that the payments made to the Vendor on account of the previously paid Claims exceed the postpetition amounts then owed to such Vendor, all rights of the Debtors and their estates to recover such payments shall be reserved.

8. The Banks are authorized to receive, process, honor, and pay all checks presented for payment of, and to honor all funds transfer requests made by the Debtors related to, the Claims paid pursuant to this Order, regardless of whether such checks were presented or funds transfer requests were submitted prior to or after the Petition Date, provided that funds are available in the Debtors' accounts to cover such checks and funds transfers. The Banks are authorized to rely on the Debtors' designation of any particular check or funds transfer as approved by this Order.

9. Nothing in this Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (ii) shall impair, prejudice, waive,

01:19216320.10

3

or otherwise affect the rights of the Debtors or their estates with respect to the validity, priority, or amount of any claim against the Debtors or their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against a Vendor; or (iv) shall be construed as a promise to pay a claim.

10. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

11. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

12. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

13. A final hearing on the relief sought in the Motion shall be conducted on ___10/28___, 2016, at __10:00 a__.m. (ET). Any objections to the Motion and to entry of the Final Order must be filed by __10/21__, 2016, at 4:00 p.m. (ET) (the "Objection Deadline") and served so that it is received by the following parties on or before the Objection Deadline: (i) Garden Fresh Restaurant Intermediate Holding, LLC, 15822 Bernardo Center Drive, Suite A, San Diego, California 92127 (Attn: Michael Dorsey); (ii) proposed co-counsel to the Debtors, Morgan Lewis & Bockius LLP, 101 Park Avenue, New York, New York 10178 (Attn: Elaine V. Fenna, Esq.), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Travis G. Buchanan, Esq.); (iii) counsel to the TLA Lenders and the TLA Agent, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, CA 90067 (Attn: Michael L. Tuchin, Esq. and David M. Guess, Esq.), and Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, DE 19801 (Attn: Mark D. Collins, Esq.); and (iv) counsel to the TLB Lenders, Stroock & Stroock & Lavan

01:19216320.10

LLP, 180 Maiden Lane, New York, New York 10038 (Attn: Jayme T. Goldstein, Esq. and Daniel P. Ginsberg, Esq.) and Pachulski, Stang, Ziehl & Jones LLP, 919 North Market Street, Wilmington, DE 19801 (Attn: Laura Davis Jones, Esq.). If no objections are timely filed, this Court may enter the Final Order without further notice or a hearing.

14. All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: __10/4__, 2016
Wilmington, Delaware

_____
Christopher S. Sontchi
United States Bankruptcy Judge

01:19216320.10