## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GARDEN FRESH RESTAURANT<br>INTERMEDIATE HOLDING, LLC, *et al.*,<br><br>                         Debtors. | Chapter 11<br><br>Case No. 16-12174 (CSS)<br>(Jointly Administered)<br><br>**Hearing Date: October 28, 2016, at 10:00 a.m.**<br><br>**Objection Deadline:  October 21, 2016, at 4:00 pm, extended for the United States Trustee to October 26, 2016, at noon**<br><br>**Ref. Docket No. 8, 47** |

## THE UNITED STATES TRUSTEE'S LIMITED OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO THE DEBTORS' MOTION FOR ENTRY OF ORDERS (A) AUTHORIZING THE DEBTORS TO PAY AND HONOR CERTAIN PREPETITION WAGES, BENEFITS AND OTHER COMPENSATION OBLIGATIONS AND (B) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS

      Andrew R. Vara, the Acting United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned attorney, files this limited objection and reservation of rights ("Objection") to the Debtors' Motion for Entry of Orders (A) Authorizing the Debtors to Pay and Honor Certain Prepetition Wages, Benefits and Other Compensation Obligations and (B) Authorizing Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations (Dkt. No. 8) (the "Wages Motion"), and in support thereof states as follows:

      1.      Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Wages Motion and this objection.

2.      Under 28 U.S.C. § 586, the United States Trustee is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that United States Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

3.      Under § 307 of title 11 of the United States Code (the "Bankruptcy Code" or "Code"), the United States Trustee has standing to be heard on the Motion and the issues raised in this objection.

4.      On the Petition Date, October 3, 2016, the Debtors filed the Wages Motion.  In that motion, the Debtors sought to pay pre-petition amounts owed under certain bonus and severance programs and policies (the "Programs"), and to continue those Programs. Certain of those Programs were stated to benefit employees holding the title of Vice President or Director of Operations.

5.      On October 4, 2016, this Court entered an Interim Order on the Wages Motion. *See* Dkt. No. 47.  That Interim Order set for final hearing on October 28, 2016 the Debtors' request to pay non-insider severance pay and continue the Programs.

6.      The Debtors indicate, in the Wages Motion, that they are not seeking to make any payments to any insiders under any of the Programs.  However, the Debtors did not include in the record the job description, reporting relationship, salary or other information relating to the Vice Presidents and Director of Operations that is necessary to determine

Case 16-12174-CSS    Doc 189    Filed 10/26/16    Page 3 of 4

whether they are "insiders" as that term is defined under § 101(31) of the Bankruptcy Code.[1]

The Code's definition of insider expressly includes any "officer" or "director" of a corporate

debtor.  *See* 11 U.S.C. § 101(31)(B).

    7.  As this Court held in *In re Foothills Texas, Inc*., 408 B.R. 573, 585

(Bankr. D. Del. 2009), "[a] person holding the title of an officer, including vice president, is

presumptively what he or she appears to be—an officer and, thus, an insider."

    8.  The Debtors have the burden of proof to establish that their Vice

Presidents and Directors of Operations are not insiders.   Because an evidentiary predicate is

necessary, the U.S. Trustee reserves argument on this issue until the record at the confirmation

hearing is closed.

    9.  The U.S. Trustee reserves any and all rights, remedies and obligations to,

among other things, complement, supplement, augment, alter or modify this  objection, file an

appropriate motion, or conduct any and all discovery as may be deemed necessary or as may be

required and to assert such other grounds as may become apparent upon further factual

discovery.


    **WHEREFORE,** the United States Trustee respectfully requests that the Debtors

be required to meet their burden to establish that any employee holding the title of Vice President

or Director of Operations is not an insider, as that term is defined in the Bankruptcy Code, and/or

grant such other and further relief as this Court deems appropriate, fair and just.

---

[1] The Debtors did provide such information to the U. S. Trustee, at the request of undersigned counsel.

Dated: October 26, 2016
       Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**ACTING UNITED STATES TRUSTEE**

By: _/s/ Juliet Sarkessian._
    Juliet Sarkessian
    Trial Attorney
    United States Department of Justice
    Office of the United States Trustee
    J. Caleb Boggs Federal Building
    844 King Street, Suite 2207, Lockbox 35
    Wilmington, DE 19801
    (302) 573-6491 (Phone)
    (302) 573-6497 (Fax)
    Juliet.M.Sarkessian@usdoj.gov