## **EXHIBIT B**

Blackline

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GARDEN FRESH RESTAURANT INTERMEDIATE HOLDING, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-~~____~~12174 (~~___~~CSS)<br><br>(Jointly Administered)<br><br>Ref. Docket ~~No. ____~~ Nos. 27, 73, and 169 |

### FIRST (1ST) OMNIBUS ORDER, PURSUANT TO SECTIONS 105(a), 365(a), AND 554(a) OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES, *NUNC PRO TUNC* TO THE PETITION DATE

Upon consideration of the motion (the "Motion")[2] of Garden Fresh Restaurant Intermediate Holding, LLC and its above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors") for the entry of an order, pursuant to sections 105(a), 365(a), and 554(a) of the Bankruptcy Code, authorizing the Debtors to (i) reject the Rejected Leases set forth on Exhibit 1 to this Order, effective as of the Petition Date, and (ii) abandon, effective as of the Petition Date, any Personal Property that remains, as of the Petition Date, on any of the Premises subject to the Rejected Leases; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* dated February 29, 2012, from the United States District Court for the District of Delaware; and it

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Garden Fresh Restaurant Intermediate Holding, LLC (7513); Garden Fresh Holdings, Inc. (8804); GF Holdings, Inc. (8783); Garden Fresh Restaurant Corp. (8786); and Garden Fresh Promotions, LLC (1376). The location of the Debtors' corporate headquarters is 15822 Bernardo Center Drive, Suite A, San Diego, California 92127.

[2] Each capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the Motion.

01:19328881.10

appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and upon consideration of the First Day Declaration and the files and records in these chapter 11 cases; and it appearing that the relief requested in the Motion and provided for herein ~~is in the best interests of the Debtors, their estates, and creditors and~~ is an appropriate exercise of the Debtors' business judgment; and it appearing that notice of the Motion was adequate and proper under the circumstances and that no further or other notice need be given; and, as set forth in the Motion, the Debtors having turned over the keys to the Premises to the Counterparty or its representative and surrendered the Premises on or prior to the Petition Date; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Rejected Leases are hereby rejected by the Debtors, with such rejection being effective as of the Petition Date.

3. Pursuant to sections 105(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rule 6007, any Personal Property remaining, as of the Petition Date, on any of the Premises is hereby abandoned by the Debtors, with such abandonment being effective as of the Petition Date~~.~~, and the Counterparty to a Rejected Lease may dispose of any such Personal Property remaining on the Premises, in its sole discretion, without further notice or order of this Court, free and clear of all liens, claims, interests, or other encumbrances, and without liability to the Debtors or any third party, and without waiver of any claim the Counterparty may have against the Debtors for such disposal, and without prejudice to the Debtors' and their estates'

right to object to such claim.  Furthermore, the automatic stay is hereby modified to the extent necessary to allow such dispositions.

4. If the Debtors have deposited monies with a Counterparty to a Rejected Lease set forth on Exhibit 1 hereto as a security deposit or other arrangement, such Counterparty may not setoff or recoup or otherwise use such deposit without the prior authority of this Court.

5. Any person or entity that holds a claim that arises from the Rejected Leases must file a proof of claim based on such rejection by the later of:  (i) the last date and time for each person or entity to file proofs of claim based on prepetition claims against any of the Debtors as set by an order of the Court or (ii) thirty (30) days after ~~the entry~~service of this Order.

6. Prior to the rejection of any Rejected Lease, the Debtors shall remove and shall not abandon from the Premises any Personal Property in which another party has asserted an ownership interest; provided, however, if such ownership interest has been asserted by the Counterparty to the Rejected Lease for the Premises at which the Personal Property is located, the Debtors may abandon such property to such Counterparty.

7. Prior to the rejection of any Rejected Lease, the Debtors shall remove and shall not abandon from the Premises any Personal Property in which another party has asserted a lien; provided, however, if such lien has been asserted by the Debtors' prepetition lenders or the Counterparty to the Rejected Lease for the Premises at which the Personal Property is located, the Debtors may abandon such property to such Counterparty.

8. The Debtors shall not abandon any of the Debtors' financial or business records unless the Debtors have duplicative copies of the same.

9. The Debtors shall not abandon any Personal Property that may contain personally identifiable or confidential information about the Debtors' employees or customers (the "Confidential Information") and the Debtors shall remove any Confidential Information from any Personal Property to be abandoned before such abandonment.

10. 6. Nothing in this Order shall impair, prejudice, waive, or otherwise affect any rights of the Debtors or their estates to assert that any claims for damages arising from the Debtors' rejection of the Rejected Leases are limited to any remedies available under any applicable termination provisions of such Rejected Leases, or that any such claims are obligations of a third party, and not those of the Debtors or their estates.

11. 7. The Debtors are authorized to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate, to implement and effectuate the relief granted by this Order.

12. 8. The rights of the Debtors and their estates to assert that the Rejected Leases rejected hereby expired by their own terms or were terminated prior to the date hereof are fully preserved, and the Debtors and their estates do not waive any claims that they may have against the Counterparties, whether or not such claims arise under, are related to the rejection of, or are independent of the Rejected Leases.

13. 9. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

14. 10. The requirements in Bankruptcy Rule 6006 and 6007 are satisfied.

15.  11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: _____ October ____, 2016
Wilmington, Delaware

                                                                                  _____
                                                                                  Christopher S. Sontchi
                                                                                  United States Bankruptcy Judge

# **EXHIBIT 1**

## **Rejected Leases**

| Counterparty | Rejected Lease |
|---|---|
| CENTRO/IA CLEARWATER MALL, LLC<br>c/o Centro Properties Group<br>420 Lexington Avenue, 7th Floor<br>New York, New York 10170<br>Attention: Office of General Counsel<br>Phone: (212) 869-3000<br>Facsimile: (212) 302-4776<br><br>*With a copy to:*<br>CENTRO/IA CLEARWATER MALL, LLC<br>c/o Centro Properties Group<br>9101 International Drive, Suite 1600<br>Orlando, Florida 32819<br>Attention: Legal Department Director<br>Phone: (407) 264-9950<br>Facsimile: (407) 264-2905 | Lease for Store #FS1B, Building Unit 322501, Clearwater Mall, 3649 Gulf to Bay Boulevard, Clearwater, Florida 33759 |
| SIMI VALLEY MALL, LLC<br>Terminal Tower<br>50 Public Square<br>Suite 1360<br>Cleveland, Ohio 44113-2267 | Lease for Unit 582, Simi Valley Town Center, 1555 Simi Town Center Way, Simi Valley, California 93065 |

Document comparison by Workshare Compare on Thursday, October 27, 2016 3:53:55 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://WORKSITE02/YCST01/19328881/6 |
| Description | #19328881v6<YCST01> - Garden Fresh - Order for First (1st) Omnibus Rejection Motion (AS FILED) |
| Document 2 ID | interwovenSite://WORKSITE02/YCST01/19328881/10 |
| Description | #19328881v10<YCST01> - Garden Fresh - Order for First (1st) Omnibus Rejection Motion (REVISED-PARA 3 ISSUE OPEN) |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 23 |
| Deletions | 13 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 36 |