## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GARDEN FRESH RESTAURANT INTERMEDIATE HOLDING, LLC, *et al.*,[1] | Case No. 16-12174 (CSS) |
| Debtors. | (Jointly Administered) |

### GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

Garden Fresh Restaurant Intermediate Holding, LLC; Garden Fresh Holdings, Inc.; GF Holdings, Inc.; Garden Fresh Restaurant Corp.; and Garden Fresh Promotions, LLC (collectively, the "**Debtors**") with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**," and together with the Schedules, the "**Schedules and Statements**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of each Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor (whether publically filed or otherwise). Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Garden Fresh Restaurant Intermediate Holding, LLC (7513); Garden Fresh Holdings, Inc. (8804); GF Holdings, Inc. (8783); Garden Fresh Restaurant Corp. (8786); and Garden Fresh Promotions, LLC (1376). The location of the Debtors' corporate headquarters is 15822 Bernardo Center Drive, Suite A, San Diego, California 92127.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements.

The Debtors and their officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and Statements. Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or re-categorized. The Debtors, on behalf of themselves, their officers, employees, agents, and advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

The Schedules and Statements have been signed by an authorized representative of each of the Debtors. In reviewing and signing the Schedules and Statements, this representative relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals. The representative has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

### Global Notes and Overview of Methodology

1. **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("**Claim**") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising

under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.  Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

A listing in the Schedules or Statements (including, without limitation, Schedule A/B, Schedule E/F or Statement 4) by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.

2.    **Description of Cases and "as of" Information Date**.  On October 3, 2016 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On October 4, 2016, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Debtors' chapter 11 cases [Docket No. 48].

**The asset information provided in the Schedules and Statements, except as otherwise noted, represents the asset data of the Debtors as of the close of business on September 30, 2016, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtors as of the close of business on September 30, 2016.**

3.    **Net Book Value of Assets**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of the close of business on September 30, 2016, in the Debtors' books and records.  Additionally, because the book values of certain assets, such as goodwill, patents, trademarks, and copyrights, may materially differ from their fair market values, they may be listed as undetermined amounts as of the Petition Date.  Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not appear in the Schedules and Statements if they have no net book value.

4.    **Recharacterization**.    Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed

executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

5.     **Real Property and Personal Property–Leased**.   In the ordinary course of their businesses, the Debtors lease real property and various articles of personal property, including, fixtures, and equipment, from certain third-party lessors. The Debtors have made reasonable efforts to list all such leases in the Schedules and Statements. The Debtors have made reasonable efforts to include lease obligations on Schedule D (secured debt) to the extent applicable and to the extent the lessor filed a UCC-1. However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement).

6.     **Excluded Assets and Liabilities**.   The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.

The Debtors have not finalized their analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, accrued salaries, employee benefit accruals, and deferred gains. In addition, certain immaterial assets and liabilities may have been excluded.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain outstanding Claims, including prepetition Claims arising under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §§ 499a–499t ("PACA") and under section 503(b)(9) of the Bankruptcy Code, on a post-petition basis. However, only prepetition liabilities related to ordinary course wages and compensation that have been paid post-petition have been excluded from the Schedules.

7.     **Insiders**.   Solely, for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following: (a) directors; (b) senior level officers; (c) equity holders holding in excess of 5% of the voting securities of the Debtor entities; (d) Debtor affiliates; and (e) relatives of any of the foregoing (to the extent known by the Debtors). Entities listed as "insiders" have been included for informational purposes and their inclusion shall not constitute an admission that those entities are insiders for purposes of section 101(31) of the Bankruptcy Code.

8.     **Intellectual Property Rights**.   The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned,

terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another Debtor. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

9.   **Executory Contracts and Unexpired Leases**.   Although the Debtors made diligent attempts to attribute executory contracts and unexpired leases to their rightful Debtors, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses.

Moreover, other than real property leases reported in Schedule A/B Part 9, the Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates. The Debtors' executory contracts and unexpired leases have been set forth in Schedule G.

10.   **Materialman's/Mechanic's Liens**.   The assets listed in the Schedules and Statements are presented without consideration of any materialman's or mechanic's liens.

11.   **Classifications**.   Listing a Claim or contract on (a) Schedule D as "secured," (b) Schedule E/F part 1 as "priority," (c) Schedule E/F part 2 as "unsecured," or (d) Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or leases or to setoff of such Claims.

12.   **Claims Description**.   Schedules D and E/F permit each Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

13.   **Causes of Action**.   Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in

equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

14.     **<u>Summary of Significant Reporting Policies</u>**. The following is a summary of significant reporting policies:

       a.     <u>Undetermined Amounts</u>. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

       b.     <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

       c.     <u>Liens</u>. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

15.     **<u>Estimates and Assumptions</u>**. Because of the timing of the filings, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. Actual amounts could differ from those estimates, perhaps materially.

16.     **<u>Currency</u>**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

17.     **<u>Intercompany.</u>** The listing in the Schedules or Statements (including, without limitation, Schedule A/B or Schedule E/F) by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.

18.     **<u>Setoffs</u>**. The Debtors incur certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, refunds, warranties, debit memos, credits, and other disputes between the Debtors and their suppliers and/or customers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked

separately.   Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

19.    **Employee Addresses**.  The Debtors' address is used for employee entries listed on Schedules E/F and G and the Statements, as applicable.  The employees actual addresses are available upon request of the Office of the United States Trustee and the Bankruptcy Court.

20.    **Global Notes Control**.  If the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

**Specific Disclosures with Respect to the Debtors' Schedules**

**Schedule A/B**.   All values set forth in Schedule A/B reflect the book value of the Debtors' assets as of the close of business on September 30, 2016, unless otherwise noted below.  Other than real property leases reported on Schedule A/B Part 9, the Debtors have not included leases and contracts on Schedule A/B.  Leases and contracts are listed on Schedule G.

**Schedule A/B 3**.  Cash values held in financial accounts are listed on Schedule A/B 3 as of the close of business on September 30, 2016.  Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion for an Order (I) Approving Continued Use of Cash Management System, (II) Authorizing Use of Prepetition Bank Accounts and Existing Check Stock, (III) Waiving the Requirements of 11 U.S.C. § 345(b) on an Interim Basis, (IV) Authorizing the Continuation of Intercompany Transactions and Granting Administrative Expense Status to Certain Postpetition Intercompany Claims and (V) Maintaining the Ability to Use Debit, Wire and ACH Payments* [Docket No. 11] (the "**Cash Management Motion**").

**Schedule A/B 7.** The Bankruptcy Court, pursuant to the *Final Order, Pursuant to Sections 105(a) and 366 of the Bankruptcy Code (I) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Utility Services; (II) Deeming Utility Companies Adequately Assured of Future Payment; and (III) Establishing Procedures for Determining Additional Adequate Assurance of Payment* [Docket No. 232], has authorized the Debtors to provide adequate assurance of payment for post-petition utility services, including a deposit in the amount of $600,000.00.  Such deposit is not listed on Schedule A/B 7, which was prepared as of the Petition Date.

**Schedules A/B 15**.  Ownership interests in subsidiaries have been listed in Schedules A/B 15 as an undetermined amount because the fair market value of such ownership is dependent on numerous variables and factors and likely differs significantly from their net book value.

**Schedule A/B 55**.  The Debtors do not own any real property, with the exception of a building on leased land.  Pursuant to the terms of the underlying lease with respect to such location, Garden Fresh Restaurant Corp. owns the improvements at this site,

including the site building, during the term of the lease.  The improvements are to revert to the landlord upon the expiration or earlier termination of the lease.  The Debtors have listed their real property leases in Schedule A/B 55.   The Debtors' leasehold interests/improvements, and aforementioned building, appear on Schedule A/B 50 as opposed to Schedule A/B 55.

**Schedule A/B 63**.  The Debtors maintain a customer database relating to their rewards program.  The amount is listed as undetermined because the fair market value of such ownership cannot be determined.

**Schedule A/B 74 & 75**.  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-Claims, setoffs, refunds, or potential warranty Claims against their suppliers.  Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counter-Claims as a defendant.  Because such Claims are potentially unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule AB 74 or 75. The Debtors' failure to list any contingent and/or unliquidated claim held by the Debtors in response to these questions shall not constitute a waiver, release, relinquishment, or forfeiture of such claim.

**Schedule D**.  The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all such dates are included.  All Claims listed on Schedule D, however, appear to have been incurred before the Petition Date.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D.  Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights, letters of credit, surety bonds, or inchoate statutory lien rights.

**Schedule E/F**.  The Debtors have used reasonable efforts to report all priority claims against the Debtors (including those arising under section 503(b)(9) of the Bankruptcy Code and PACA), *and only priority claims*, on Schedule E/F part 1 and general unsecured Claims against the Debtors on Schedule E/F part 2, based upon the Debtors' books and records as of the Petition Date.  In light of this, in order to determine the total amount of a creditor's unsecured claim(s), parties must review both part 1 and part 2.

Determining the date upon which each Claim on Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule E/F. Furthermore, claims listed on Schedule E/F may have been aggregated by unique creditor name and remit to address and may include several dates of incurrence for the aggregate balance listed.

Schedule E/F part 2 contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. Some of the litigation Claims listed on Schedule E//F may be subject to subordination pursuant to section 510 of the Bankruptcy Code. Schedule E/F part 2 also includes potential or threatened litigation claims. Any information contained in Schedule E/F part 2 with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein. The Debtors expressly incorporate by reference into Schedule E/F part 2 all parties to pending litigation listed in the Debtors' Statements 7, as contingent, unliquidated, and disputed claims, to the extent not already listed on Schedule E/F part 2. Finally, where litigation has been threatened or commenced against more than one Debtor, the Debtors have generally scheduled those creditors under Garden Fresh Restaurant Corp., which is the primary operating company of the Debtors.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of executory contracts or unexpired leases. Additionally, Schedule E/F does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

In the ordinary course of business, Debtor Garden Fresh Promotions, LLC sells gift certificates, which are redeemable at any location without expiration and are accounted as a liability and booked to revenue when the gift certificate is used. The balance as of September 30, 2016, for outstanding gift certificates is $2,685,388.00. However, the Debtors do not maintain gift certificate holder information on a creditor level and, as such, Claims of holders of gift certificates are not included in Schedule E/F part 2.

**Schedule G**. Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts. Listing or omitting a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is or is not an executory contract or unexpired lease was in effect on the Petition Date or is valid or enforceable. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

Certain confidentiality and non-disclosure agreements may not be listed on Schedule G.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable, or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such agreements may not be set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on the Schedule G.

**Schedule H**.  For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition debt facilities are listed as Co-Debtors on Schedule H.  The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties. Because the Debtors have treated all such Claims as contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H.  Litigation matters can be found on each Debtor's Schedule E/F part 2 and Statement 7, as applicable.

### Specific Disclosures with Respect to the Debtors' Statements

**Statement 3**.  Statement 3 includes any disbursement or other transfer made by the Debtors within 90 days before the Petition Date except for those made to insiders (which

payments appear in response to Statement question 4) and employees (although reimbursements and payments made from the Debtors' non-qualified deferred compensation plans are included).  The amounts listed in Statement 3 reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3.  All disbursements listed on Statement 3 are made through the Debtors' consolidated cash management system maintained by Garden Fresh Restaurant Corp. and listed for that Debtor.

**Statement 4**.  Statement 4 accounts for a respective Debtor's intercompany transactions, as well as other transfers to insiders as applicable.  With respect to individuals, the amounts listed reflect the universe of payments and transfers to such individuals including compensation, bonus (if any), expense reimbursement, relocation reimbursement, and/or severance.  Amounts paid on behalf of such employee for certain life and disability coverage has not been included.

The Debtors have included all consulting and payroll distributions and aggregate travel, entertainment, and other expense reimbursements, aggregated by date, made over the twelve months preceding the Petition Date to any individual that may be deemed an "Insider."

**Statement 5**.  Statement 5 excludes goods returned in the ordinary course of business.

**Statement 7**.  Information provided in Statement 7 may not include every administrative agency proceeding open or closed during the relevant time period, as certain agency proceedings are quickly dismissed or settled for a nominal sum.  Additionally, any information contained in Statement 7 shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

**Statement 10**.  The Debtors occasionally incur losses for a variety of reasons, including theft and property damage.  The Debtors, however, may not have records of all such losses if such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes.  The losses listed on Statement 10 are based on the estimated amounts currently owed and are not intended to be an admission of the amounts owed.

**Statement 11**.  Out of an abundance of caution, the Debtors have included payments to all professionals who have rendered any advice related the Debtors' bankruptcy proceedings in Statement 11.  However, it is possible that the disclosed fees also relate to other, non-bankruptcy related services and may include services rendered to other parties.

**Statement 26d.**  The Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date.  Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent or subject to confidentiality agreements, the

Debtors have not disclosed any parties that may have received such financial statements for the purposes of Statement 26d except for the Debtors' secured lenders.

**Statement 30**.    Unless otherwise indicated in a Debtor's specific response to Statement 30, the Debtors have included a comprehensive response to Statement 30 in Statement 4.

**Fill in this information to identify the case:**

Debtor    Garden Fresh Restaurant Intermediate Holding, LLC

United States Bankruptcy Court for the:   District of Delaware

Case number   16-12174
(if known)

☐ Check if this is an
amended filing

## Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

**12/15**

---

**Part 1:**   Summary of Assets

---

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

   1a.   **Real property:**
      Copy line 88 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

   1b.   **Total personal property:**
      Copy line 91A from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $7,500,000.00

   1c.   **Total of all property:**
      Copy line 92 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $7,500,000.00

---

**Part 2:**   Summary of Liabilities

---

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* . . . . . . . . .

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206EF)

   3a.   **Total claim amounts of priority unsecured claims:**
      Copy the total claims from Part 1 from line 6a of Schedule E/F . . . . . . . . . . . . . . . . . . . . . . . . . . . | UNKNOWN

   3b.   **Total amount of claims of nonpriority amount of unsecured claims:**
      Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F . . . . . . . . . . . . . . | **+**   $16,758,027.91

4. **Total liabilities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $16,758,027.91
   Lines 2 + 3a + 3b

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Garden Fresh Restaurant Intermediate Holding, LLC |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (if known) | 16-12174 |

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

**12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | CASH AND CASH EQUIVALENTS |
|---|---|

1. **DOES THE DEBTOR HAVE ANY CASH OR CASH EQUIVALENTS?**
   - ☒ No. Go to Part 2.
   - ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **CASH ON HAND**

3. **CHECKING, SAVINGS, MONEY MARKET, OR FINANCIAL BROKERAGE ACCOUNTS**
   *(IDENTIFY ALL)*

4. **OTHER CASH EQUIVALENTS**

5. Total of Part 1.
   ADD LINES 2 THROUGH 4 (INCLUDING AMOUNTS ON ANY ADDITIONAL SHEETS). COPY THE TOTAL TO LINE 80.

| Part 2: | DEPOSITS AND PREPAYMENTS |
|---|---|

6. **DOES THE DEBTOR HAVE ANY DEPOSITS OR PREPAYMENTS?**
   - ☒ No. Go to Part 3.
   - ☐ Yes. Fill in the information below.

Current value of debtor's interest

7. **DEPOSITS, INCLUDING SECURITY DEPOSITS AND UTILITY DEPOSITS**
   DESCRIPTION, INCLUDING NAME OF HOLDER OF DEPOSIT

8. **PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES, INSURANCE, TAXES, AND RENT**

Debtor    Garden Fresh Restaurant Intermediate Holdings, LLC    (Name)    Case number (if known)

|  |  | Current value of debtor's interest |
|---|---|---|
| **8.** | **PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES, INSURANCE, TAXES, AND RENT** | |
| | DESCRIPTION, INCLUDING NAME OF HOLDER OF PREPAYMENT | |
| **9** | **Total of Part 2.** ADD LINES 7 THROUGH 8. COPY THE TOTAL TO LINE 81. | |

### Part 3: ACCOUNTS RECEIVABLE

**10.  DOES THE DEBTOR HAVE ANY ACCOUNTS RECEIVABLE?**

☑ No. Go to Part 4.
☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| **11.  ACCOUNTS RECEIVABLE** | |
| **12  Total of Part 3.** CURRENT VALUE ON LINES 11A + 11B = LINE 12. COPY THE TOTAL TO LINE 82. | |

### Part 4: INVESTMENTS

**13.  DOES THE DEBTOR OWN ANY INVESTMENTS?**

☐ No. Go to Part 5.
☑ Yes. Fill in the information below.

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **14.  MUTUAL FUNDS OR PUBLICLY TRADED STOCKS NOT INCLUDED IN PART 1** | | | |
| NAME OF FUND OR STOCK: | | | |
| **15.  NON-PUBLICLY TRADED STOCK AND INTERESTS IN INCORPORATED AND UNINCORPORATED BUSINESSES, INCLUDING ANY INTEREST IN AN LLC, PARTNERSHIP, OR JOINT VENTURE** | | | |
| Name of entity | % of ownership | | |
| 15.1.    GARDEN FRESH HOLDINGS, INC. | 100% | | UNKNOWN |
| **16.  GOVERNMENT BONDS, CORPORATE BONDS, AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS NOT INCLUDED IN PART 1** | | | |
| DESCRIBE: | | | |
| **17  Total of Part 4.** ADD LINES 14 THROUGH 16. COPY THE TOTAL TO LINE 83. | | | UNKNOWN |

### Part 5: INVENTORY, EXCLUDING AGRICULTURE ASSETS

**18.  DOES THE DEBTOR OWN ANY INVENTORY (EXCLUDING AGRICULTURE ASSETS)?**

☑ No. Go to Part 6.
☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

(Name)

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. RAW MATERIALS** | | | | |
| **20. WORK IN PROGRESS** | | | | |
| **21. FINISHED GOODS, INCLUDING GOODS HELD FOR RESALE** | | | | |
| **22. OTHER INVENTORY OR SUPPLIES** | | | | |

**23 Total of Part 5.**
ADD LINES 19 THROUGH 22. COPY THE TOTAL TO LINE 84.

**24. Is any of the property listed in Part 5 perishable?**
☒ No
☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☒ No
☐ Yes    Book value _____    Valuation method _____    Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☒ No
☐ Yes

---

**Part 6:    FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)**

**27. DOES THE DEBTOR OWN OR LEASE ANY FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)?**
☒ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. CROPS—EITHER PLANTED OR HARVESTED** | | | |
| **29. FARM ANIMALS EXAMPLES: LIVESTOCK, POULTRY, FARM-RAISED FISH** *EXAMPLES:* LIVESTOCK, POULTRY, FARM-RAISED FISH | | | |
| **30. FARM MACHINERY AND EQUIPMENT  (OTHER THAN TITLED MOTOR VEHICLES)** (OTHER THAN TITLED MOTOR VEHICLES) | | | |
| **31. FARM AND FISHING SUPPLIES, CHEMICALS, AND FEED** | | | |
| **32. OTHER FARMING AND FISHING-RELATED PROPERTY NOT ALREADY LISTED IN PART 6** | | | |

**33 Total of Part 6.**
ADD LINES 28 THROUGH 32. COPY THE TOTAL TO LINE 85.

34. **Is the debtor a member of an agricultural cooperative?**
   ☒ No
   ☐ Yes.  Is any of the debtor's property stored at the cooperative?
      ☒ No
      ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
   ☒ No
   ☐ Yes

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
   ☒ No
   ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
   ☒ No
   ☐ Yes

**Part 7:   OFFICE FURNITURE, FIXTURES, AND EQUIPMENT; AND COLLECTIBLES**

38. **DOES THE DEBTOR OWN OR LEASE ANY OFFICE FURNITURE, FIXTURES, EQUIPMENT, OR COLLECTIBLES?**
   ☒ No. Go to Part 8.
   ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **OFFICE FURNITURE** | | | |
| 40. **OFFICE FIXTURES** | | | |
| 41. **OFFICE EQUIPMENT, INCLUDING ALL COMPUTER EQUIPMENT AND COMMUNICATION SYSTEMS EQUIPMENT AND SOFTWARE** | | | |
| 42. **COLLECTIBLES EXAMPLES: ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES** *EXAMPLES*: ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES | | | |

43 **Total of Part 7.**
ADD LINES 39 THROUGH 42. COPY THE TOTAL TO LINE 86.

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
   ☒ No
   ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
   ☒ No
   ☐ Yes

**Part 8:   MACHINERY, EQUIPMENT, AND VEHICLES**

46. **DOES THE DEBTOR OWN OR LEASE ANY MACHINERY, EQUIPMENT, OR VEHICLES?**
   ☒ No. Go to Part 9.
   ☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. AUTOMOBILES, VANS, TRUCKS, MOTORCYCLES, TRAILERS, AND TITLED FARM VEHICLES** | | | |
| **48. WATERCRAFT, TRAILERS, MOTORS, AND RELATED ACCESSORIES EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS** EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS | | | |
| **49. AIRCRAFT AND ACCESSORIES** | | | |
| **50. OTHER MACHINERY, FIXTURES, AND EQUIPMENT (EXCLUDING FARM MACHINERY AND EQUIPMENT)** | | | |

**51  Total of Part 8.**
ADD LINES 47 THROUGH 50. COPY THE TOTAL TO LINE 87.

**52. Is a depreciation schedule available for any of the property listed in Part 8?**
☒ No
☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 9:    REAL PROPERTY

**54. DOES THE DEBTOR OWN OR LEASE ANY REAL PROPERTY?**
☒ No. Go to Part 10.
☐ Yes. Fill in the information below.

**55. ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| | | | | |

**56  Total of Part 9.**
ADD THE CURRENT VALUE ON LINES 55.1 THROUGH 55.6 AND ENTRIES FROM ANY ADDITIONAL SHEETS. COPY THE TOTAL TO LINE 88.

**57. Is a depreciation schedule available for any of the property listed in Part 9?**
☒ No
☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 10:    INTANGIBLES AND INTELLECTUAL PROPERTY

**59. DOES THE DEBTOR HAVE ANY INTERESTS IN INTANGIBLES OR INTELLECTUAL PROPERTY?**
☒ No. Go to Part 11.
☐ Yes. Fill in the information below.

Debtor    Garden Fresh Restaurant Intermediate Holding, LLC    Case number (if known)
         (Name)

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. PATENTS, COPYRIGHTS, TRADEMARKS, AND TRADE SECRETS | | | |
| 61. INTERNET DOMAIN NAMES AND WEBSITES | | | |
| 62. LICENSES, FRANCHISES, AND ROYALTIES | | | |
| 63. CUSTOMER LISTS, MAILING LISTS, OR OTHER COMPILATIONS | | | |
| 64. OTHER INTANGIBLES, OR INTELLECTUAL PROPERTY | | | |
| 65. GOODWILL | | | |

**66  Total of Part 10.**
ADD LINES 60 THROUGH 65. COPY THE TOTAL TO LINE 89.

67.  **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?
☒ No
☐ Yes
68.  **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☒ No
☐ Yes
69.  **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
☒ No
☐ Yes

**Part 11:   ALL OTHER ASSETS**

70.  **DOES THE DEBTOR OWN ANY OTHER ASSETS THAT HAVE NOT YET BEEN REPORTED ON THIS FORM?**
INCLUDE ALL INTERESTS IN EXECUTORY CONTRACTS AND UNEXPIRED LEASES NOT PREVIOUSLY REPORTED ON THIS FORM.

☐ No. Go to Part 12.
☒ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|
| 71.  NOTES RECEIVABLE | |
| DESCRIPTION (INCLUDE NAME OF OBLIGOR) | |
| 72.  TAX REFUNDS AND UNUSED NET OPERATING LOSSES (NOLS) | |
| DESCRIPTION (FOR EXAMPLE, FEDERAL, STATE, LOCAL) | |
| 73.  INTERESTS IN INSURANCE POLICIES OR ANNUITIES | |
| 74.  CAUSES OF ACTION AGAINST THIRD PARTIES (WHETHER OR NOT A LAWSUIT HAS BEEN FILED) | |

| | Current value of debtor's interest |
|---|---|
| **75. OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OR CAUSES OF ACTION OF EVERY NATURE, INCLUDING COUNTERCLAIMS OF THE DEBTOR AND RIGHTS TO SET OFF CLAIMS** | |
| **76. TRUSTS, EQUITABLE OR FUTURE INTERESTS IN PROPERTY** | |
| **77. OTHER PROPERTY OF ANY KIND NOT ALREADY LISTED  EXAMPLES: SEASON TICKETS, COUNTRY CLUB MEMBERSHIP** *EXAMPLES:* SEASON TICKETS, COUNTRY CLUB MEMBERSHIP | |
| GARDEN FRESH RESTAUARNT CORP. - INTERCOMPANY RECEIVABLE | $7,500,000.00 |
| **78 Total of Part 11.** ADD LINES 71 THROUGH 77. COPY THE TOTAL TO LINE 90. | $7,500,000.00 |
| **79. Has any of the property listed in Part 11 been appraised by a professional within the last year?** ☒ No  ☐ Yes | |

**Part 12:    Summary**

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | | |
| **81. Deposits and prepayments.** *Copy line 9, Part 2.* | | |
| **82. Accounts receivable.** *Copy line 12, Part 3.* | | |
| **83. Investments.** *Copy line 17, Part 4.* | UNKNOWN | |
| **84. Inventory.** *Copy line 23, Part 5.* | | |
| **85. Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| **86. Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | | |
| **87. Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | | |
| **88. Real property.** *Copy line 56, Part 9.* . . . . . . . . . . . . . . . . . . . . . . . . .➔ | | |
| **89. Intangibles and intellectual property.** *Copy line 66, Part 10.* | | |
| **90. All other assets.** *Copy line 78, Part 11.* | **+** $7,500,000.00 | |
| **91. Total.** Add lines 80 through 90 for each column. . . . . . . . . 91a. | $7,500,000.00 | **+** 91b |
| **92. Total of all property on Schedule A/B.**  Lines 91a + 91b = 92. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | $7,500,000.00 |

**Fill in this information to identify the case:**

Debtor    Garden Fresh Restaurant Intermediate Holding, LLC

United States Bankruptcy Court for the:   District of Delaware

Case number   16-12174
(if known)

☐ Check if this is an
amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

**12/15**

**Be as complete and accurate as possible.**

1.    1.   **Do any creditors have claims secured by debtor's property?**

     ☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

     ☐ Yes. Fill in all of the information below.

| Fill in this information to identify the case: |
|---|

| Debtor | Garden Fresh Restaurant Intermediate Holding, LLC |
|---|---|

United States Bankruptcy Court for the:  District of Delaware

Case number  16-12174
(if known)

☐ Check if this is an
amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

**12/15**

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:   List All Creditors with PRIORITY Unsecured Claims**

**1.   Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
☐ No. Go to Part 2.
☑ Yes. Go to line 2.

**2.**   List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
|---|---|---|---|---|
| 2.1 | **Priority creditor's name and mailing address**<br>ARIZONA DEPARTMENT OF REVENUE<br>P.O. BOX 29086<br>PHOENIX, AZ  85038-9086<br><br>**Date or dates debt was incurred**<br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>SALES & USE TAX<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | UNKNOWN | UNKNOWN |
| 2.2 | **Priority creditor's name and mailing address**<br>ARIZONA DEPARTMENT OF REVENUE<br>TAX RESEARCH & ANALYSIS<br>DIVISION CODE 3<br>1600 WEST MONROE<br>PHOENIX, AZ  85007-2650<br><br>**Date or dates debt was incurred**<br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>STATE TAX<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | UNKNOWN | UNKNOWN |
| 2.3 | **Priority creditor's name and mailing address**<br>CALIFORNIA FRANCHISE TAX BOARD<br>P.O. BOX 942840<br>SACRAMENTO, CA  94240-0040<br><br>**Date or dates debt was incurred**<br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>STATE TAX<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | UNKNOWN | UNKNOWN |

| **Part 1:** | **Additional Page** |
|---|---|

| | | | Total claim | Priority amount |
|---|---|---|---|---|
| 2.4 | **Priority creditor's name and mailing address**<br>CALIFORNIA STATE BOARD OF EQUALIZATION<br>15015 AVENUE OF SCIENCE<br>SUITE 200<br>SAN DIEGO, CA  92128<br><br>**Date or dates debt was incurred**<br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>SALES & USE TAX<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | UNKNOWN | UNKNOWN |
| 2.5 | **Priority creditor's name and mailing address**<br>COLORADO DEPARTMENT OF REVENUE<br>1375 SHERMAN ST.<br>DENVER, CO  80261<br><br>**Date or dates debt was incurred**<br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>STATE TAX<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | UNKNOWN | UNKNOWN |
| 2.6 | **Priority creditor's name and mailing address**<br>COLORADO DEPARTMENT OF REVENUE<br>1375 SHERMAN ST.<br>DENVER, CO  80261<br><br>**Date or dates debt was incurred**<br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>SALES & USE TAX<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | UNKNOWN | UNKNOWN |
| 2.7 | **Priority creditor's name and mailing address**<br>DELAWARE DEPARTMENT OF REVENUE<br>401 FEDERAL ST<br>SUITE 4<br>DOVER, DE  19901<br><br>**Date or dates debt was incurred**<br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>STATE TAX<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | UNKNOWN | UNKNOWN |
| 2.8 | **Priority creditor's name and mailing address**<br>FLORIDA DEPARTMENT OF REVENUE<br>5050 W TENNESSEE ST<br>TALLAHASSEE, FL  32399<br><br>**Date or dates debt was incurred**<br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>STATE TAX<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | UNKNOWN | UNKNOWN |

| Debtor | Garden Fresh Restaurant Intermediate Holding LLC | Case number (if known) |
|--------|--------------------------------------------------|------------------------|
|        | (Name)                                           |                        |

| **Part 1:** | **Additional Page** | | |
|---|---|---|---|
| | | **Total claim** | **Priority amount** |

| 2.9 | **Priority creditor's name and mailing address**<br>FLORIDA DEPARTMENT OF REVENUE<br>5050 W TENNESSEE ST<br>TALLAHASSEE, FL 32399<br><br>**Date or dates debt was incurred**<br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>SALES & USE TAX<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.10 | **Priority creditor's name and mailing address**<br>GEORGIA DEPARTMENT OF REVENUE<br>1800 CENTURY BLVD, NE<br>ATLANTA, GA 30345<br><br>**Date or dates debt was incurred**<br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>SALES & USE TAX<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.11 | **Priority creditor's name and mailing address**<br>GEORGIA DEPARTMENT OF REVENUE<br>1800 CENTURY BLVD, NE<br>ATLANTA, GA 30345<br><br>**Date or dates debt was incurred**<br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>STATE TAX<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.12 | **Priority creditor's name and mailing address**<br>ILLINOIS DEPARTMENT OF REVENUE<br>101 W JEFFERSON ST<br>SPRINGFIELD, IL 62702<br><br>**Date or dates debt was incurred**<br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>STATE TAX<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.13 | **Priority creditor's name and mailing address**<br>ILLINOIS DEPARTMENT OF REVENUE<br>430 EAST VINE ST<br>SUITE A<br>SPRINGFIELD, IL 62703<br><br>**Date or dates debt was incurred**<br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>SALES & USE TAX<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |

| Part 1: | Additional Page | | Total claim | Priority amount |
|---|---|---|---|---|

**2.14** | **Priority creditor's name and mailing address**

INTERNAL REVENUE SERVICE
INSOLVENCY SECTION
2970 MARKET STREET
PO BOX 7346
PHILADELPHIA, PA  19101

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
FEDERAL TAX

**Is the claim subject to offset?**
☑ No
☐ Yes

Total claim: UNKNOWN   Priority amount: UNKNOWN

---

**2.15** | **Priority creditor's name and mailing address**

KANSAS DEPARTMENT OF REVENUE
120 SE 10TH ST
TOPEKA, KS  66612

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
STATE TAX

**Is the claim subject to offset?**
☑ No
☐ Yes

Total claim: UNKNOWN   Priority amount: UNKNOWN

---

**2.16** | **Priority creditor's name and mailing address**

KANSAS DEPARTMENT OF REVENUE
915 SW HARRISON ST
#300
TOPEKA, KS  66612-1588

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
SALES & USE TAX

**Is the claim subject to offset?**
☑ No
☐ Yes

Total claim: UNKNOWN   Priority amount: UNKNOWN

---

**2.17** | **Priority creditor's name and mailing address**

MISOURI DEPARTMENT OF REVENUE
FRANCHISE TAX
301 WEST HIGH ST
JEFFERSON CITY, MO  65101

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
STATE TAX

**Is the claim subject to offset?**
☑ No
☐ Yes

Total claim: UNKNOWN   Priority amount: UNKNOWN

---

**2.18** | **Priority creditor's name and mailing address**

MISSOURI DEPARTMENT OF REVENUE
SALES TAX
301 WEST HIGH ST
RM 102
JEFFERSON CITY, MO  65101

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
SALES & USE TAX

**Is the claim subject to offset?**
☑ No
☐ Yes

Total claim: UNKNOWN   Priority amount: UNKNOWN

| Part 1: | Additional Page | | |
|---|---|---|---|
| | | **Total claim** | **Priority amount** |

| | | | | |
|---|---|---|---|---|
| 2.19 | **Priority creditor's name and mailing address**<br><br>NEVADA DEPARTMENT OF REVENUE<br>1550 COLLEGE PARKWAY<br>SUITE 100<br>CARSON CITY, NV 89706<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>Check all that apply.<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>STATE TAX<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.20 | **Priority creditor's name and mailing address**<br><br>NEVADA DEPARTMENT OF TAXATION<br>GRANT SAWYER OFFICE BUILDING<br>555 E WASHINGTON AVE<br>STE 1300<br>LAS VEGAS, NV 89101<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>Check all that apply.<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>SALES & USE TAX<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.21 | **Priority creditor's name and mailing address**<br><br>NEW MEXICO TAXATION AND REVENUE DEPARTMENT<br>1100 SOUTH ST. FRANCIS DRIVE<br>SANTA FE, NM 87504<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>Check all that apply.<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>SALES & USE TAX<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.22 | **Priority creditor's name and mailing address**<br><br>NEW MEXICO TAXATION AND REVENUE DEPARTMENT<br>1100 SOUTH ST. FRANCIS DRIVE<br>SANTA FE, NM 87504<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>Check all that apply.<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>STATE TAX<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.23 | **Priority creditor's name and mailing address**<br><br>NORTH CAROLINA DEPARTMENT OF REVENUE<br>501 N WILMINGTON ST<br>RALEIGH, NC 27604<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>Check all that apply.<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>STATE TAX<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |

| **Part 1:** | **Additional Page** | | |
|---|---|---|---|
| | | **Total claim** | **Priority amount** |

| | | | |
|---|---|---|---|
| 2.24 | **Priority creditor's name and mailing address**<br>NORTH CAROLINA DEPARTMENT OF REVENUE<br>501 N WILMINGTON ST<br>RALEIGH, NC 27604<br><br>**Date or dates debt was incurred**<br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>SALES & USE TAX<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.25 | **Priority creditor's name and mailing address**<br>OREGON DEPARTMENT OF REVENUE<br>955 CENTER ST NE<br>SALEM, OR 97301-2555<br><br>**Date or dates debt was incurred**<br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>STATE TAX<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.26 | **Priority creditor's name and mailing address**<br>STATE OF WASHINGTON DEPARTMENT OF REVENUE<br>6500 LINDERSON WAY SW<br>TUMWATER, WA 98501<br><br>**Date or dates debt was incurred**<br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>EXCISE TAX<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.27 | **Priority creditor's name and mailing address**<br>TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>LYNDON B. JOHNSON STATE OFFICE BUILDING<br>111 EAST 17TH ST<br>AUSTIN, TX 78774<br><br>**Date or dates debt was incurred**<br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>SALES & USE TAX<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.28 | **Priority creditor's name and mailing address**<br>TEXAS DEPARTMENT OF REVENUE<br>111 EAST 17TH ST<br>AUSTIN, TX 78774<br><br>**Date or dates debt was incurred**<br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>STATE TAX<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |

| **Part 1:** | **Additional Page** | | |
|---|---|---|---|

|  |  | Total claim | Priority amount |
|---|---|---|---|
| 2.29 | **Priority creditor's name and mailing address**<br>UTAH STATE TAX COMMISSION<br>210 NORTH 1950 WEST<br>SALT LAKE CITY, UT  84134<br><br>**Date or dates debt was incurred**<br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>STATE TAX<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.30 | **Priority creditor's name and mailing address**<br>UTAH STATE TAX COMMISSION<br>210 NORTH 1950 WEST<br>SALT LAKE CITY, UT  84134<br><br>**Date or dates debt was incurred**<br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>SALES & USE TAX<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.31 | **Priority creditor's name and mailing address**<br>WASHINGTON STATE DEPARTMENT OF REVENUE<br>P.O. BOX 47450<br>OLYMPIA, WA  98504<br><br>**Date or dates debt was incurred**<br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>STATE TAX<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |

| **Part 2:** | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

**3.** List in alphabetical order all of the creditors with **nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|
| 3.1 | **Nonpriority creditor's name and mailing address**<br>SUN GARDEN FRESH FINANCE, LLC<br>5200 TOWN CENTER CIRCLE, SUITE 600<br>ATTN: C. DERYL COUCH, JONATHAN JACKSON<br>BOCA RATON, FL  33486<br><br>**Date or dates debt was incurred**<br>10/3/2013<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>CLASS A UNITS PREFERRED SHARES -<br>CONVERTIBLE SHARES<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | $16,758,027.91 |

Debtor   Garden Fresh Restaurant Intermediate Holding, LLC   Case number (if known) 16-12174

(Name)

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |

**5.**   Add the amounts of priority and nonpriority unsecured claims.

|  |  | Total of claim amounts |
|---|---|---|
| **5a.** Total claims from Part 1 | **5a.** | $0.00 |
| **5b.** Total claims from Part 2 | **5b.** + | $16,758,027.91 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | **5c.** | $16,758,027.91 |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Garden Fresh Restaurant Intermediate Holding, LLC |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (if known) | 16-12174 |

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

**Fill in this information to identify the case:**

Debtor    Garden Fresh Restaurant Intermediate Holding, LLC

United States Bankruptcy Court for the:   District of Delaware

Case number   16-12174
(if known)

☐ Check if this is an
amended filing

## Official Form 206H

# Schedule H: Codebtors     12/15

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

| | |
|---|---|
| **1.** | **Does the debtor have any codebtors?** |
| | ☑ Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form. |
| | ☐ Yes. |

| Fill in this information to identify the case: |
| --- |

Debtor    Garden Fresh Restaurant Intermediate Holding, LLC

United States Bankruptcy Court for the:   District of Delaware

Case number    16-12174
(if known)

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Delcaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   11/14/2016
     MM / DD / YYYY

**X** /s/ _David A. Carr_
Signature of individual signing on behalf of debtor

David A. Carr
Printed name

Chief Financial Officer
Position or relationship to debtor