**<u>Exhibit II</u>**

01:20188449.1

ASSET PURCHASE AGREEMENT

BY AND AMONG

GFRC ACQUISITION LLC,

as Purchaser,

and

GARDEN FRESH RESTAURANT INTERMEDIATE HOLDING, LLC

GARDEN FRESH HOLDINGS, INC.,

GF HOLDINGS, INC.,

GARDEN FRESH RESTAURANT CORP., AND

GARDEN FRESH PROMOTIONS, LLC,

as Sellers

Dated as of November [●],14, 2016

| | | |
|---|---|---|
| 11.1 | Payment of Expenses | 64 |
| 11.2 | Survival of Representations and Warranties; Survival of Post-Closing Covenants | 64 |
| 11.3 | Entire Agreement; Amendments and Waivers | 64 |
| 11.4 | Counterparts | ~~64~~65 |
| 11.5 | Governing Law | 65 |
| 11.6 | Jurisdiction, Waiver of Jury Trial | 65 |
| 11.7 | Notices | 65 |
| 11.8 | Binding Effect; Assignment | 66 |
| 11.9 | Severability | ~~66~~67 |
| 11.10 | Injunctive Relief | 67 |
| 11.11 | Third Party Beneficiaries | 67 |
| 11.12 | Time of the Essence | 67 |
| 11.13 | Certain Interpretations | ~~67~~68 |
| 11.14 | General Releases | 68 |

**SCHEDULES**

| | |
|---|---|
| Schedule 1.1(c) | Assigned Contracts |
| Schedule 1.1(g) | Assumed Real Property Leases |
| Schedule 1.1(n) | Assumed Seller Plans |
| Schedule 1.1(u) | Assumed Owned Real Property |
| Schedule 1.1(v) | Assumed Workers' Compensation Arrangements |
| Schedule 1.2(m) | Excluded Assets |
| Schedule 1.3(o) | Assumed Liabilities |
| Schedule 1.4(p) | Excluded Liabilities |
| Schedule 1.5(a) | Original Contract & Cure Schedule |
| Schedule 4.2 | Subsidiaries |
| Schedule 4.4(a) | Conflicts |
| Schedule 4.4(b) | Consents of Third Parties |
| Schedule 4.5 | Ordinary Course of Business |
| Schedule 4.6 | Litigation |
| Schedule 4.7(a) | Owned Intellectual Property |
| Schedule 4.7(b) | Intellectual Property Validity Actions |
| Schedule 4.7(c) | Intellectual Property Infringement Actions |
| Schedule 4.7(d) | Intellectual Property Encumbrances |
| Schedule 4.8(a) | Material Contracts |
| Schedule 4.9(a)(i) | Exceptions to Material Permits |
| Schedule 4.9(a)(ii) | Material Permits |
| Schedule 4.10 | Brokers and Finders |
| Schedule 4.12(a) | Tangible Personal Property; Furniture and Equipment |
| Schedule 4.12(b) | Exceptions to Tangible Personal Property; Furniture and Equipment |
| Schedule 4.13(a) | Owned Real Property |
| Schedule 4.13(b)(i) | Leased Real Property |



# ASSET PURCHASE AGREEMENT

ASSET PURCHASE AGREEMENT (as amended, supplemented, amended and restated or otherwise modified from time to time, this "Agreement"), dated as of November [●],14, 2016 (the "Execution Date"), by and among (a)(i) Garden Fresh Restaurant Intermediate Holding, LLC, a Delaware limited liability company ("Intermediate Holding"), (ii) Garden Fresh Holdings, Inc., a Delaware corporation ("Holdings"), (iii) GF Holdings, Inc., a Delaware corporation ("GF Holdings"), (iv) Garden Fresh Restaurant Corp., a Delaware corporation ("GF Restaurant"), and (v) Garden Fresh Promotions, LLC, a California limited liability company ("GF Promotions" and, together with Intermediate Holding, Holdings, GF Holdings and GF Restaurant, each a "Seller" and, collectively, the "Sellers"), and (b) GFRC Acquisition LLC, a Delaware limited liability company (and together with its designee(s), successors and/or assigns, as provided under Section 11.8, the "Purchaser"). Article 10 contains definitions of certain terms used in this Agreement and also provides cross-references to certain terms defined elsewhere in this Agreement.

## RECITALS

WHEREAS, on October 3, 2016 (the "Petition Date"), the Sellers commenced voluntary cases (such cases, the "Chapter 11 Cases") under the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, each Seller continues in possession of its assets and is authorized under the Bankruptcy Code to continue the operation of its businesses as a debtor-in-possession;

WHEREAS, subject to the terms and conditions hereof, (a) the Sellers desire to sell to the Purchaser, and the Purchaser desires to purchase from the Sellers, all of the Sellers' right, title and interest in and to the Purchased Assets, and (b) the Sellers desire to transfer and assign to the Purchaser, and the Purchaser desires to assume from the Sellers, all of the Assumed Liabilities;

WHEREAS, the Sellers and the Purchaser have agreed that the sale, transfer and assignment of the Purchased Assets and the Assumed Liabilities from the Sellers to the Purchaser shall be effected pursuant to sections 105, 363 and 365 of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code"); and

WHEREAS, in connection with the Chapter 11 Cases and subject to the terms and conditions contained herein, following entry of the Sale Order finding the Purchaser as the Successful Bidder at the Auction, the Sellers shall sell and transfer to the Purchaser, and the Purchaser shall purchase and acquire from the Sellers, pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Purchased Assets, and the Purchaser shall assume from the Sellers the Assumed Liabilities, all as more specifically provided herein and in the Sale Order.

NOW, THEREFORE, in consideration of the foregoing and the mutual representations, warranties, covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, the Purchaser and the Sellers hereby agree as follows:

Liabilities will be governed by the Restructured TLA Agreement from and after the Closing; provided, however, that, for the avoidance of doubt, the Liabilities described in this Section 1.3(f) shall only be Assumed Liabilities if the Closing occurs;

(g) all Liabilities in respect of gift cards, merchandise credits, coupons and any other similar arrangement or program that has not, as of the Closing Date, expired and/or become subject to a limit or other provision that could cause the same to be subject to escheatment or any similar provision or condition under any applicable Law, but expressly excluding any Liabilities under any escheatment, abandoned property, unclaimed property or similar Laws of any jurisdiction;

(h) Liabilities incurred in connection with charitable contributions from customers and amounts owed to charitable organizations, in each case, to the extent incurred in the Ordinary Course of Business prior to the Closing Date, in an aggregate amount not to exceed $200,000;

(i) Liabilities incurred or arising in the Ordinary Course of Business prior to the Closing Date under the American Express Program in an aggregate amount not to exceed $100,000;

(j) all Liabilities in respect of unpaid accounts payable in respect of PACA payables and/or PASA payables incurred in the Ordinary Course of Business;

(k) Liabilities of any of the Sellers with respect to Specified Accrued Liabilities (i) incurred after the Petition Date and through and including the Specified Accrued Liabilities Measurement Date (or, solely in the case of trade accounts payable, the A/P Measurement Date) in the Ordinary Course of Business and set forth on the applicable Accrued Liabilities Schedule (but only to the extent such Specified Accrued Liability is not paid by the Sellers at or prior to the Closing) or (ii) incurred after the Petition Date but prior to the Closing in the Ordinary Course of Business and which are not otherwise set forth on the Accrued Liabilities Schedules or paid by the Sellers at or prior to the Closing in an aggregate amount not to exceed $500,000;

(l) Liabilities in respect of administrative claims arising under section 503(b)(9) of the Bankruptcy Code, solely to the extent that any such claims are not paid or otherwise resolved as of the Closing;

(m) Liabilities in respect of all amounts due to landlords under real property leases for Leased Real Property with respect to the period of occupancy of such Leased Real Property by a Seller after the Petition Date, solely to the extent the Bankruptcy Court orders such amounts to be paid as of the Closing;

(n) [Liabilities of GF Restaurant arising under the Hilco Agreement], but only if such agreement is in form and substance satisfactory to the Purchaser; and

(o) any additional Liabilities set forth on Schedule 1.3(o).

and description, owned or used, or held for use, in connection with the operation of the Business by the Sellers, wherever located, including, without limitation, appliances, fittings, lighting fixtures, signs, doors, cabinets, partitions, mantles, motors, pups, screens, plumbing, heating, air conditioning, ovens, refrigerators, freezers, refrigerating and cooling systems, waste disposal and storing, wiring, televisions, monitors, security systems, carpets, floor coverings, wall coverings, office equipment, registers and safes, trash containers, meters and scales, combinations, codes and keys, display cases and tables, artwork, desks, chairs and communications equipment and the IT Assets.

(bb) "GAAP" means United States generally accepted accounting principles as in effect from time to time.

(cc) "Governmental Body" means any applicable federal, state, local or foreign government or any agency, bureau, board, commission, court, department, political subdivision, tribunal or other instrumentality thereof.

(dd) "Hazardous Materials" means petroleum and all derivatives thereof or synthetic substitutes therefor, asbestos and asbestos containing materials, and any and all materials now or hereafter defined, listed, designated or classified as, or otherwise determined to be, "hazardous wastes," "hazardous substances," "radioactive," "solid wastes," or "toxic" (or words of similar meaning) under or pursuant to or otherwise listed or regulated pursuant to any Environmental Law.

(ee) [~~"Hilco Agreement" means that certain Amended and Restated~~"Hilco Agreement" means a real estate consulting and advisory services agreement to be entered into between Hilco Real Estate, LLC and GF Restaurant that relates to certain consulting and advisory services to be provided by Hilco Real Estate, LLC to GF Restaurant with respect to the leases or subleases for the Leased Real Property, such agreement to be in form and substance satisfactory to the Purchaser (it being understood and agreed that the Real Estate Consulting and Advisory Services Agreement, dated as of ~~November [●],~~September 23, 2016, by and between Hilco Real Estate, LLC and GF Restaurant is not in form and substance satisfactory to the Purchaser and the Liabilities thereunder shall not constitute Assumed Liabilities).~~]~~[1]

(ff) "HSR Act" means the Hart-Scott-Rodino Antitrust Improvements Act of 1976, as amended, and the related regulations and published interpretations.

(gg) "Indebtedness" of any Person means, without duplication, (i) the interest in respect of, principal of and premium (if any) in respect of (x) indebtedness of such Person for money borrowed and (y) indebtedness evidenced by notes, debentures, bonds or other similar instruments for the payment of which such Person is responsible or liable; (ii) all obligations of such Person issued or assumed as the deferred purchase price of property (other than for services and goods acquired in the Ordinary Course of Business); (iii) all obligations of such Person under leases required to be capitalized in accordance with GAAP; (iv) all non-contingent obligations of such Person for the reimbursement of any obligor on any letter of credit, banker's acceptance or similar credit transaction; (v) all obligations of the type referred to in clauses (i) through (iv) of any other Person for the payment of which such Person is responsible or liable, directly or

---

[1] ~~NTD: Hilco Agreement will be assumed only if it is in a form satisfactory to the purchaser.~~

Document comparison by Workshare Compare on Monday, November 14, 2016 7:51:03 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://WORKSITE02/YCST01/19369740/3 |
| Description | #19369740v3<YCST01> - Garden Fresh - Second Stalking Horse APA [As filed 11.10] |
| Document 2 ID | interwovenSite://WORKSITE02/YCST01/20186179/1 |
| Description | #20186179v1<YCST01> - Garden Fresh - Stalking Horse APA (TLA Lenders) [Executed version] |
| Rendering set | Standard |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 17 |
| Deletions | 18 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 35 |