# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GARDEN FRESH RESTAURANT<br>INTERMEDIATE HOLDING, LLC, *et al.*,[1]<br><br>                           Debtors. | Chapter 11<br><br>Case No. 16-12174 (CSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: February 13, 2017, at 10:00 a.m. (ET)**<br>**Objection Deadline: February 6, 2017, at 4:00 p.m. (ET)** |

## DEBTORS' MOTION TO AUTHORIZE CHANGE OF
## CORPORATE NAMES AND CASE CAPTION

Garden Fresh Restaurant Intermediate Holding, LLC and its above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, substantially in the form annexed hereto as Exhibit A (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"); Rules 1005, 2002(m), and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Rule 9004-1(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to change their respective corporate names and amending the case captions used in these chapter 11 cases (collectively, the "Chapter 11 Cases"). In support of this Motion, the Debtors respectfully represent as follows.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157 and the *Amended Standing Order of Reference* from the United States District Court for the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Garden Fresh Restaurant Intermediate Holding, LLC (7513); Garden Fresh Holdings, Inc. (8804); GF Holdings, Inc. (8783); Garden Fresh Restaurant Corp. (8786); and Garden Fresh Promotions, LLC (1376). The location of the Debtors' corporate headquarters is 15822 Bernardo Center Drive, Suite A, San Diego, California 92127.

District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Local Rule 9013-1(f).

2.Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.The statutory and legal predicates for the relief requested herein are sections 105(a) of the Bankruptcy Code; Bankruptcy Rules 1005, 2002, and 9004; and Local Rule 9004-1.

## BACKGROUND

4.On October 3, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have continued in possession of their properties and have continued to operate and maintain their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner.

5.On October 13, 2016, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") [Docket No. 121].  The Chapter 11 Cases are jointly administered for procedural purposes only, pursuant to Bankruptcy Rule 1015(b).

6.Additional information about the Debtors' business and the events leading up to the Petition Date can be found in the *Declaration of John D. Morberg in Support of Debtors' Chapter 11 Petitions and First-Day Motions* [Docket No. 16], which is incorporated herein by reference.

7.On October 7, 2016, the Debtors filed a motion [Docket No. 103], seeking, among other things, authority to sell all or substantially all of their assets.  On November 15, 2016, the Court entered an order establishing bid procedures for the sale [Docket No. 354].  The bid

procedures resulted in GFRC Acquisition LLC (n/k/a GFRC Holdings LLC) (along with certain of its subsidiaries, the "Purchaser") serving as the stalking horse bidder.

8. After a robust marketing process, no Qualified Bids were received prior to the Bid Deadline other than the Asset Purchase Agreement with the Purchaser, dated as of November 14, 2016 [Docket No. 347] (as modified, the "Purchase Agreement").[2] As such, the Debtors canceled the auction and designated the Purchaser as the Successful Bidder. Pursuant to the Purchase Agreement, the Purchaser agreed, among other things, to acquire substantially all of the Debtors' operating assets and assume certain of the Debtors' liabilities in a sale transaction pursuant to section 363 of the Bankruptcy Code (the "Sale").

9. On January 9, 2017, the Court entered an order approving the Sale to the Purchaser [Docket No. 518]. The Sale is expected to close on or before February 1, 2017 (the "Closing Date"). Pursuant to Section 8.8 of the Purchase Agreement, the Debtors are required to change their corporate and business names prior to the Closing Date and amend the case captions used in the Chapter 11 Cases. In particular, Section 8.8 provides:

> Prohibition on Use of Purchased Names. Each Seller hereby agrees that, on and at all times following the Closing Date, it shall not use and shall cease using, and shall cause its respective Affiliates not to use and to cease using, directly or indirectly, the Purchased Names, any trademarks included in the Owned Intellectual Property and any like names or combinations of words or derivations thereof or any names or marks confusingly similar thereto; provided, however, that each Seller may continue to use as company names the Purchased Names solely for purposes of conducting and administering the Chapter 11 Cases provided that, prior to, on or as promptly as practicable after the Closing Date, the Sellers use reasonable best efforts to change the caption of the Chapter 11 Cases to names that are not similar to any of the Purchased Names. Prior to the Closing Date, each Seller shall, at its expense, undertake and promptly pursue all necessary action to

---

[2] Capitalized terms used herein, but not otherwise defined, have the meanings given to them in the Purchase Agreement.

change its business and corporate names to new names bearing no resemblance to any of its present names so as to permit the use of the Purchased Names by the Purchaser or any of its Subsidiaries following Closing. In furtherance of the foregoing, each Seller will (a) revoke any filing that it may have made heretofore with any Governmental Body relating to its use of the Purchased Names and of any like names or combinations of words or derivations thereof and (b) prepare and file with the appropriate Governmental Bodies appropriate documents, including, without limitation, articles of amendment, changing its name so as to effectuate the same and promptly deliver evidence of such name change to the Purchaser.

## RELIEF REQUESTED

10. By this Motion, the Debtors seek entry of an order pursuant to section 105(a) of the Bankruptcy Code; Bankruptcy Rules 1005, 2002(m), and 2002(n); and Local Rule 9004-1(a)[3] authorizing the Debtors to change their corporate names as set forth below:

| Old Company Name | New Company Name |
| --- | --- |
| Garden Fresh Restaurant Intermediate Holding, LLC | Fresh-G Restaurant Intermediate Holding, LLC |
| Garden Fresh Holdings, Inc. | Fresh-G Holdings, Inc. |
| GF Holdings, Inc. | Fresh-GF Holdings, Inc. |
| Garden Fresh Restaurant Corp. | Fresh-G Restaurant Corp. |
| Garden Fresh Promotions, LLC | Fresh-G Promotions, LLC |

11. The Debtors also request that, as set forth in the Proposed Order, (i) the case caption used in each of the Chapter 11 Cases be amended to reflect the change of the Debtors' corporate names, and (ii) the Court authorize and direct the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Clerk of the Court") and other parties in interest to take any actions that are necessary to update the ECF filing system and their respective records to reflect the proposed name changes, including the insertion of a docket entry in each of the relevant Chapter 11 Cases announcing the change of the Debtors' corporate names.

12. Within one (1) business day of entry of the Proposed Order, the Debtors shall file and serve a notice of the change of the Debtors' corporate names and the amendment of the case caption for each of the Chapter 11 Cases.

## BASIS FOR RELIEF REQUESTED

13. As noted above, pursuant to Section 8.8 of the Purchase Agreement, the Debtors are required to take all necessary actions to change their names prior to the Closing Date.

14. Further, under the Sale Order, the Debtors are authorized to "do such acts as are necessary or desirable to carry out the transactions contemplated by the terms and conditions of the Asset Purchase Agreement" and "to take all such actions as may be necessary to effectuate the terms of the Asset Purchase Agreement. . . ." Sale Order, ¶ 52.

15. Pursuant to the authority provided by the Sale Order, the Debtors will soon file the necessary paperwork with the secretaries of state (and other relevant agencies) in the Debtors' respective states of organization to accomplish the required name changes from a corporate perspective. The Debtors respectfully request that the Court approve the amendment of the case captions used in the Chapter 11 Cases to reflect the Debtors' new names.

16. The Debtors submit that the relief requested herein is routinely approved by courts in this district in situations similar to those present here.[4]

---

[3] Local Rule 9004-1(a) provides, in part, that "[d]ocuments submitted for filing shall contain in the caption the name of the debtor, the case number, the initials of the Judge to whom the case has been assigned, the docket number assigned to the case and, if applicable, the adversary proceeding number." Del. Bankr. L.R. 9004-1(a).

[4] *See, e.g.*, *In re SynCardia Systems, Inc.*, Case No. 16-11599 (MFW) (Bankr. D. Del. Sept. 15, 2016); *In re The Standard Register Co.*, Case No. 15-10541 (BLS) (Bankr. D. Del. Aug. 14, 2015); *In re Ambient Corp.*, Case No. 14-11791 (KG) (Bankr. D. Del. Nov. 5, 2014); *In re Fresh & Easy Neighborhood Market, Inc.*, Case No. 13-12569 (KJC) (Bankr. D. Del. Dec. 2, 2013); In *re Vertis Holdings, Inc.*, Case No. 12-12821 (CSS) (Bankr. D. Del. May 1, 2013).

**NOTICE**

17. Notice of this Motion will be provided to the following parties: (a) the U.S. Trustee; (b) counsel for the Committee; (c) the prepetition secured parties; (d) the lenders under the debtor-in-possession financing facility; and (e) all parties that, as of the filing of this notice, have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein, and such other and further relief as it deems just and proper.

Dated: January 23, 2017
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Ian J. Bambrick*
Michael R. Nestor (No. 3526)
Kenneth J. Enos (No. 4544)
Ian J. Bambrick (No. 5455)
1000 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600

-and-

MORGAN LEWIS & BOCKIUS LLP
Neil E. Herman (admitted *pro hac vice*)
James O. Moore (admitted *pro hac vice*)
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6000

*Counsel to the Debtors and Debtors in Possession*