# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRESH-G RESTAURANT<br>INTERMEDIATE HOLDING, LLC, *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 16-12174 (CSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: October 31, 2017, at 10:00 a.m. (ET)**<br>**Objection Deadline: October 24, 2017, at 4:00 p.m. (ET)** |

## DEBTORS' MOTION TO EFFECTUATE
## THE DISMISSAL OF THE CHAPTER 11 CASES
## AND APPROVING PROCEDURES RELATED THERETO

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby move the Court for entry of an order, pursuant to sections 105(a), 305, 349, and 1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 1017(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) establishing a deadline for filing Final Fee Applications, as defined below, (ii) dismissing the Debtors' chapter 11 cases (collectively, the "Chapter 11 Cases") once certain criteria have been met and a certification of counsel attesting to the completion of those criteria has been filed, and (iii) granting related relief. In support of this motion (this "Motion"), the Debtors respectfully represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Fresh-G Restaurant Intermediate Holding, LLC (f/k/a Garden Fresh Restaurant Intermediate Holding, LLC) (7513); Fresh-G Holdings, Inc. (f/k/a Garden Fresh Holdings, Inc.) (8804); Fresh-GF Holdings, Inc. (f/k/a GF Holdings, Inc.) (8783); Fresh-G Restaurant Corp. (f/k/a Garden Fresh Restaurant Corp.) (8786); and Fresh-G Promotions, LLC (f/k/a Garden Fresh Promotions, LLC) (1376). The Debtors' mailing address is 946 Great Plain Ave. #142, Needham, Massachusetts 02492.

## STATUS OF CHAPTER 11 CASES AND JURISDICTION

1. On October 3, 2016, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their properties and have continued to operate and maintain their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner. On October 13, 2016, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") [Docket No. 121]. The Chapter 11 Cases are jointly administered for procedural purposes only, pursuant to Bankruptcy Rule 1015(b).

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. Consideration of this Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Lastly, the statutory and legal predicates for the relief sought herein are sections 105(a), 305, 349, and 1112(b) of the Bankruptcy Code and Bankruptcy Rule 1017(a).

## BACKGROUND

3. The Debtors commenced the Chapter 11 Cases with the goal of consummating a going-concern sale of their businesses. In furtherance of that goal, on October 7, 2016, the Debtors filed a motion seeking, among other things, the approval of bidding procedures (the "Bidding Procedures") for the sale of substantially all of their assets (the "Acquired Assets") and approval of the sale (the "Sale") of the Acquired Assets [Docket No. 103].

4. On November 15, 2016, the Court entered an order approving, among other things, the Bidding Procedures [Docket No. 141] (the "<u>Bidding Procedures Order</u>") and that certain Asset Purchase Agreement dated as of November 14, 2016 (the "<u>Purchase Agreement</u>"), between the Debtors and GFRC Holdings LLC (formerly known as GFRC Acquisition LLC), a Delaware limited liability company, Garden Fresh Restaurants LLC, a Delaware limited liability company, and GFRC Promotions LLC, a California limited liability company (collectively, the "<u>Purchaser</u>").

5. As set forth in the Bidding Procedures Order, the deadline for potential bidders to submit qualified bids for the Acquired Assets was December 29, 2016, at 11:59 p.m. (ET) (the "<u>Bid Deadline</u>").[2] In the event that the Debtors timely received one or more qualified bids, other than the credit bid of the Purchaser, the Debtors would conduct an auction (the "<u>Auction</u>") for the Acquired Assets. Notwithstanding a fulsome marketing process conducted by the Debtors and their investment banker in accordance with the Bidding Procedures, no qualified bid, other than the credit bid submitted by the Purchaser, was received prior to the Bid Deadline. As such, the Auction was cancelled, and the Debtors concluded that it was in the best interest of their creditors and estates to seek approval of the Sale to the Purchaser.

6. On January 9, 2017, the Court entered an order approving the Sale pursuant to the Purchase Agreement (the "<u>Sale Order</u>").[3] The Sale closed (the "<u>Closing</u>") on February 1, 2017 [Docket No. 583].

7. Since Closing, the Debtors have continued to attend to their responsibilities as debtors in possession, as well as assist the Purchaser with various Sale-related

---

[2] The Bid Deadline was initially scheduled for December 6, 2016, but was extended in accordance with the Bid Procedures Order. Docket No. 464.

[3] The Purchase Agreement was amended on January 9, 2017, and June 13, 2017, respectively.

items. In particular, the Debtors have spent a significant amount of time working with the Purchaser to reconcile those claims against the Debtors arising under section 503(b)(9) of the Bankruptcy Code (the "503(b)(9) Claims"), assisting the Purchaser with the assumption and assignment of executory contracts and unexpired leases, and rejecting certain leases that the Purchaser does not wish assumed and assigned and which provide no further economic benefit. The Debtors and Purchaser believe that all 503(b)(9) Claims have been reconciled, and, with the exception of issues related to the assumption and assignment of two remaining leases—which will either be resolved prior to, or considered by the Court at, the hearing to consider this Motion or the hearing scheduled for November 1st—neither the Debtors nor the Purchaser believe that continued administration of the Chapter 11 Cases is necessary or appropriate.

## REMAINING ASSETS AND OBLIGATIONS

8. In accordance with the Purchase Agreement and the Sale Order, the Purchaser assumed certain of the Debtors' liabilities related to, among other things, the period following the Closing, including all fees due and owing to the Office of the U. S. Trustee pursuant to 28 U.S.C. § 1930 (the "U.S. Trustee Fees"), the first $50,000 in the aggregate in reasonable and documented fees and expenses of the professionals retained by the Committee, and the reasonable and documented fees and expenses of Debtors' counsel, Young Conaway Stargatt & Taylor, LLP ("Young Conaway") and Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC ("Epiq")—but only to the extent incurred in connection with the Chapter 11 Cases and/or the consummation of the Purchase Agreement at Purchaser's request relating to the period following the Closing through the Designation Deadline (as defined in the Purchase Agreement), including the assumption/assignment or rejection/exclusion of executory contracts or unexpired real property leases at Purchaser's direction. In addition, the Purchaser

agreed to provide the Debtors with funds to be used to compensate their responsible officer at the rate of $10,000 per month through the earlier of the Designation Deadline or the dismissal of the Chapter 11 Cases. Finally, the Purchaser agreed to provide the Debtors with $100,000, solely to resolve Transfer Taxes (as defined in the Purchase Agreement) potentially owed to California as a result of the Sale, and $80,000, solely to resolve Transfer Taxes potentially owed to Texas as a result of the Sale.

9. As of the filing of this Motion, the Debtors' only asset is approximately $169,000 held in two separate escrow accounts, which is the amount remaining from the funding provided by the Purchaser at Closing. From these funds, the Debtors intend to: (i) remit payment to California in satisfaction of the Transfer Taxes owed thereto;[4] (ii) satisfy all U.S. Trustee Fees; (iii) satisfy certain pre-Closing obligations owed to estate professionals upon Court approval; and (iv) satisfy the post-Closing obligations owed to the Committee professionals, Young Conaway, and Epiq. To the extent that there are any funds remaining following these expenditures, pursuant to the Purchase Agreement, such funds will be returned to the Purchaser. To the extent that the Debtors have insufficient funds to satisfy the U.S. Trustee Fees or the obligations owed to the Committee professionals, Young Conaway, or Epiq, such obligations will be funded directly by the Purchaser in accordance with the Purchase Agreement.

## RELIEF REQUESTED

10. By this Motion, the Debtors seek entry of the proposed form of order (the "Dismissal Process Order"), substantially in the form attached hereto as Exhibit A, providing for: (i) the establishment of a deadline for filing Final Fee Applications; (ii) the dismissal of the

---

[4] The Debtors resolved the Transfer Taxes potentially owed to Texas without payment, and the funds provided by the Purchaser in connection therewith were returned to the Purchaser. The Debtors are currently discussing the resolution of their California Transfer Taxes with California, and expect to seek approval of such resolution in connection with the relief requested herein.

01:22410439.7

Chapter 11 Cases upon the filing of a certification of counsel, substantially in the form attached as Exhibit I (the "Certification") to the Dismissal Process Order, as soon as reasonably practicable following: (a) entry of a Court order regarding the Professionals' final fee applications (the "Final Fee Applications") and payments having been made to the Professionals in accordance therewith, (b) payment of all fees and expenses due and owing to Epiq, (c) payment of outstanding U.S. Trustee Fees, (d) resolution of the California Transfer Taxes, and (e) entry of Court orders with respect to the assumption and assignment or rejection of all executory contracts and unexpired leases to be disposed of pursuant to the Purchase Agreement or the Purchaser's written waiver of such condition; and (iii) certain related relief.

### I. Dismissal of the Chapter 11 Cases

11. The Court should approve the dismissal of the Chapter 11 Cases because, among other things, the Debtors cannot bear the administrative costs of formulating and confirming a plan of reorganization or liquidation, the Debtors have no remaining estate assets to administer, and the alternative—conversion to a case under chapter 7 of the Bankruptcy Code—serves no purpose under these circumstances.

#### A. Dismissal of the Chapter 11 Cases Is Warranted Under Section 1112(b) of the Bankruptcy Code

12. The Court should approve the dismissal of the Chapter 11 Cases because the Debtors cannot satisfy the chapter 11 plan requirements of the Bankruptcy Code. Under section 1112(b) of the Bankruptcy Code, a court may dismiss a debtor's chapter 11 case "for cause." 11 U.S.C. § 1112(b); *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984); *In re Blunt*, 236 B.R. 861, 864 (Bankr. M.D. Fla. 1999). Section 1112(b) of the Bankruptcy Code states, in pertinent part, that, "on request of any party in interest, and after notice and a hearing, the court may . . . dismiss a case under this chapter . . . for cause[.]" A determination of cause is

01:22410439.7

- 6 -

made by the court on a case-by-case basis. *Albany Partners*, 749 F.2d at 674. In addition, the decision to dismiss a case is particularly delegated to the bankruptcy court's sound discretion. *See In re Camden Ordinance Mfg. Co. of Ark., Inc.*, No. 99-13203, 1999 WL 587790, at *2 (Bankr. E.D. Pa. Aug. 3, 1999) (citing *In re Atlas Supply Corp.*, 857 F.2d 1061, 1063 (5th Cir. 1988). Therefore, the Court is authorized to dismiss the Chapter 11 Cases upon a showing of "cause."

13. The legislative history of section 1112(b) of the Bankruptcy Code and relevant case authority indicate that a bankruptcy court has wide discretion to use its equitable powers to dispose of a debtor's case. H.R. Rep. No. 595, 95th Cong., 1st Sess. 405 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 117 (1978), reprinted in 1978 U.S.C.C.A.N. 57878; *see also In re Preferred Door Co.*, 990 F.2d 547, 549 (10th Cir. 1993) (stating that a court has broad discretion to dismiss a bankruptcy case); *In re Sullivan Cent. Plaza I, Ltd.*, 935 F.2d 723, 728 (5th Cir. 1991) (stating that a determination of whether cause exists under section 1112(b) of the Bankruptcy Code "rests in the sound discretion" of the bankruptcy court); *In re Koerner*, 800 F.2d 1358, 1367 & n.7 (5th Cir. 1986) (stating that a bankruptcy court is afforded "wide discretion" under section 1112(b) of the Bankruptcy Code); *Albany Partners*, 749 F.2d at 674 (same).

14. Section 1112(b) of the Bankruptcy Code provides a nonexclusive list of sixteen grounds for dismissal. 11 U.S.C. § 1112(b)(4)(A)-(P); *Frieouf v. U.S.*, 938 F.2d 1099, 1102 (10th Cir. 1991) (stating that section 1112(b) of the Bankruptcy Code's list is nonexhaustive); *In re Blunt*, 236 B.R. at 864 (same). One such ground is where a party-in-interest shows that there is an "inability to effectuate a plan [of reorganization]." 11 U.S.C. § 1112(b)(2)(A); *Preferred Door Co.*, 990 F.2d at 549; *Sullivan Cent. Plaza I*, 935 F.2d at 728.

Here, the Court may dismiss the Chapter 11 Cases because the Debtors are unable to confirm a plan.

15. Inability to confirm a plan arises when a debtor lacks the capacity to "formulate a plan or carry one out" or where the "core" for a workable plan of reorganization "does not exist." *See Preferred Door*, 990 F.2d at 549 (finding an inability to effectuate a plan arises where debtor lacks capacity to formulate a plan or carry one out. (quoting *Hall v. Vance*, 887 F.2d 1041, 1044 (10th Cir. 1989))); *In re Blunt*, 236 B.R. at 865 (finding cause to dismiss debtor's case under section 1112(b)(2) of the Bankruptcy Code where "core" for a workable plan of reorganization found to be nonexistent).

16. Here, it is simply not possible for the Debtors to confirm a chapter 11 plan. The Debtors have sold substantially all of their assets and are no longer conducting any business operations. As such, there is no business to reorganize, no viable assets to liquidate, and the Debtors have no funds available to confirm a plan of liquidation. There is no prospect of distributions to unsecured creditors. By continuing in bankruptcy beyond the brief period contemplated herein, the Debtors would incur additional administrative expenses for which there will be no funds to satisfy. In sum, the Debtors have met their burden of proof to show that cause exists to dismiss the Chapter 11 Cases under section 1112(b) of the Bankruptcy Code due to their inability to effectuate a plan of reorganization.

17. Once a court determines that cause exists to dismiss a chapter 11 case, the court must also evaluate whether dismissal is in the best interests of the estate and creditors. *See In re Superior Siding & Window, Inc.*, 14 F.3d 240, 243 (4th Cir. 1994); *In re Mazzocone*, 183 B.R. 402, 411 (Bankr. E.D. Pa. 1995), *aff'd* 200 B.R. 568 (E.D. Pa. 1996); *In re Warner*, 83 B.R. 807, 809 (Bankr. M.D. Fla. 1988). A dismissal of a debtor's chapter 11 case meets the best

interests of creditors' test where a debtor has nothing left to reorganize and the debtor's assets are fixed and liquidated. *See In re BTS, Inc.*, 247 B.R. 301, 310 (Bankr. N.D. Okla. 2000); *In re Camden Ordinance Mfg. Co. of Ark., Inc.*, 245 B.R. 794, 799 (E.D. Pa. 2000) (finding that a reorganization to salvage a business that ceased doing business was not feasible); *In re Brogdon Inv. Co.*, 22 B.R. 546, 549 (Bankr. N.D. Ga. 1982) (dismissing chapter 11 case in part where there was "simply nothing to reorganize" and no reason to continue the reorganization).

18. As noted above, the Debtors have no business left to reorganize as all of the Debtors' valuable assets have been sold. This alone warrants dismissal. However, dismissal of the Chapter 11 Cases is also warranted because the alternative—conversion to chapter 7—would not serve the best interests of the Debtors' estates and creditors for the reasons discussed above. If the Chapter 11 Cases were converted to cases under chapter 7, the chapter 7 trustee would not have any way to fund his endeavors because the Debtors' estates have no remaining cash as all of the funds the Debtors are currently holding are being held in escrow to satisfy certain obligations in accordance with the Purchase Agreement. Moreover, the chapter 7 trustee would not have Avoidance Actions (as defined in the Purchaser Agreement) to pursue since the Purchaser acquired and released those causes of action as of the Closing.

19. Thus, in balancing the equities, it is clear that it is in the best interest of the Debtors' estates and their creditors to dismiss these Chapter 11 Cases. Granting the relief requested simply furthers the Bankruptcy Code's goal of efficient administration of the Debtors' bankruptcy estates, eliminates the accrual of administrative expense obligations, and brings closure to these Chapter 11 Cases in a timely manner.

01:22410439.7

B. **Dismissal of the Chapter 11 Cases Is Warranted under Section 305(a)(1) of the Bankruptcy Code**

20. Alternatively, cause exists to dismiss the Chapter 11 Cases pursuant to section 305(a) of the Bankruptcy Code, which provides, in pertinent part:

(a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—

(1) the interests of creditors and the debtor would be better served by such dismissal or suspension;

11 U.S.C. § 305(a).

21. In applying section 305(a) of the Bankruptcy Code, courts have considered a wide range of factors, including, but not limited to:

(a) economy and efficiency of administration;

(b) whether federal proceedings are necessary to reach a just and equitable solution;

(c) whether there is an alternative means of achieving an equitable distribution of assets; and

(d) whether the debtor and the creditors are able to work out a less expensive out-of- court arrangement which better serves the interests in the case.

*See Crown Vill. Farms, LLC v. Arl, L.L.C. (In re Crown Vill. Farms, LLC),* 415 B.R. 86, 96 (Bankr. D. Del. 2009) (enumerating section 305(a) factors and denying motion only because dismissal or abstention would have a deleterious effect on the administration of the debtor's chapter 11 case, "which would languish while core issues were tried elsewhere"); *see also Mazzocone*, 200 B.R. at 575. However, "the exact factors to be considered and the weight to be given to each of them is highly sensitive to the facts of each individual case." *Mazzacone*, 200 at 575.

22. Dismissal of these cases is warranted under section 305(a)(1) of the Bankruptcy Code for the same reasons that "cause" exists to dismiss these cases pursuant to

section 1112(b) of the Bankruptcy Code—the Debtors' estates have no remaining assets to be distributed to creditors and no remaining bankruptcy purpose exists. Keeping the Debtors in bankruptcy—either under chapter 11 or chapter 7—will not yield results that provide a distribution to unsecured creditors and would only serve to create administrative liabilities for the Debtors' estates that cannot be satisfied.

## II. Proposed Procedures for Final Allowance and Payment of Professional Fees

23. On October 31, 2016, the Court entered its *Order Authorizing Procedures for Interim Compensation of Fees and Reimbursement of Expenses for Professionals* [Docket No. 248] (the "Interim Compensation Procedures Order"). Since that time, the professionals retained by the Debtors and the Committee (the "Professionals") have filed interim fee applications pursuant to the Interim Compensation Procedures Order or have otherwise complied with the requirements for compensation under their applicable retention orders.

24. The Debtors propose that Final Fee Applications be filed no later than thirty (30) days before the hearing to consider Final Fee Applications, with objections due by 4:00 p.m. (ET) on the date that is seven (7) days prior to the hearing. Upon entry of an order (or orders) on the Final Fee Applications, the Debtors request approval to pay all allowed fees and expenses that remain unpaid to Professionals. In addition, the Debtors request authority to pay all remaining fees and expenses of Epiq. To the extent that the Debtors lack sufficient funds to pay the Professionals or Epiq, such fees and expenses shall be paid by the Purchaser in accordance with the Purchase Agreement.

## III. Certification and Request for Dismissal

25. After (i) the Court has entered its order regarding Final Fee Applications and payments have been made to the Professionals in accordance therewith, (ii) all fees and expenses due and owing to Epiq have been paid, (iii) all U.S. Trustee Fees have been paid,

(iv) resolution of the California Transfer Taxes, and (v) all executory contracts and unexpired leases have been disposed of pursuant to the Purchase Agreement, the Debtors request that the Court enter an order, substantially in the form attached as Exhibit II (the "Dismissal Order") to the Dismissal Process Order, dismissing the Chapter 11 Cases upon the filing of the Certification confirming that all of the above has occurred.

## BANKRUPTCY CODE SECTION 349

26. The effect of an order dismissing a bankruptcy case is governed by section 349 of the Bankruptcy Code. Section 349(b)(2) of the Bankruptcy Code provides that dismissal vacates any order, judgment, or transfer ordered under certain sections of the Bankruptcy Code. 11 U.S.C. § 349(b)(2). In addition, section 349(b)(3) provides that dismissal revests the property of the estate in the entity in which such property was vested immediately before the commencement of the Chapter 11 Cases. 11 U.S.C. § 349(b)(3). However, "for cause," the Court may order otherwise. 11 U.S.C. § 349(b). Such cause exists in these Chapter 11 Cases. The Court ordered certain relief throughout the Chapter 11 Cases, including that approved under the Sale Order and the Dismissal Process Order requested by this Motion, that would be adversely impacted if section 349(b)(2) and (3) are not rendered inapplicable. Therefore, section 349(b)(2) and (3) of the Bankruptcy Code should be held inapplicable so that all orders entered in these Chapter 11 Cases prior to the date of dismissal remain in full force and effect for purposes of *res judicata* and otherwise and no reinstatement or revesting of assets of the Debtors or their estates occurs upon the entry of the Dismissal Order or the dismissal of the Chapter 11 Cases.

## CONCLUSION

27. Based on the foregoing, the Debtors submit that dismissal of the Chapter 11 Cases is in the best interests of the Debtors, their estates, and their creditors. The Debtors have been in communications with the Committee regarding the relief sought in this Motion, and the Committee consents to the dismissal of these cases in the manner requested herein. In addition, a copy of the Motion was reviewed by the U.S. Trustee prior to filing.

## NOTICE

28. Notice of this Motion will be provided to the following parties: (i) the U.S. Trustee; (ii) counsel for the Committee; (iii) the prepetition secured parties; (iv) the Purchaser; (v) the California State Board of Equalization; and (vi) all parties that, as of the filing of this notice, have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. Additionally, the Debtors intend to serve a one-page notice upon the filing of this Motion, substantially in the form attached hereto as Exhibit B (the "Dismissal Process Notice"), via first class mail, postage prepaid, upon all creditors and parties-in-interest in the Chapter 11 Cases upon the filing of the Motion. For parties that receive the Dismissal Process Notice and wish to obtain a copy of the Motion, a copy of the Motion is available for free on Epiq's website, at http://dm.epiq11.com/#/case/GFR/info, and is also available upon request to Michelle Smith at (302) 571-6600 or via email at msmith@ycst.com. Finally, the Debtors intend to serve the Certification on the general service list established in the Chapter 11 Cases, including the U.S. Trustee, but will not send the Certification to the Debtors' entire matrix of creditors and parties-in-interest, as all creditors and parties-in-interest in the Chapter 11 Cases will receive reasonable notice of the proposed dismissal through service of the Dismissal Process Notice. In light of the nature of the relief requested, the Debtors submit that no further notice is required or needed under the circumstances.

WHEREFORE, the Debtors respectfully request that the Court enter the Dismissal Process Order, substantially in the form attached hereto as Exhibit A, (i) authorizing the dismissal of the Chapter 11 Cases and (ii) providing such other or further relief as may be just and proper under the circumstances.

Dated: October 10, 2017
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Kenneth J. Enos*
Michael R. Nestor (No. 3526)
Kenneth J. Enos (No. 4544)
Ian J. Bambrick (No. 5455)
Travis G. Buchanan (No. 5595)
1000 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600

*Counsel to the Debtors and Debtors in Possession*